[No. 32584. Department One. March 18, 1954.]

C. T. OPSAL et al., *Appellants*, v. OMAR LOCKHART et al., *Respondents*.[1]

*William E. Rohrs* and *Edwin R. Johnson,* for appellants.

*Metzger, Blair & Gardner,* for respondents.

GRADY, C. J.—This action was brought to recover damages based upon the negligence of the operators of a hairdressing business. A jury rendered a verdict for the plaintiff. The court granted a motion of defendants for a judgment notwithstanding the verdict. The plaintiffs will be referred to in this opinion in the singular as appellant, and the defendants as respondent. Accepting as true all competent

[1]Reported in 267 P. (2d) 1061.

evidence in the record favorable to appellant and giving her the benefit of every favorable inference which may reasonably be drawn from such evidence, the following factual situation may be gathered from the record:

On January 19, 1952, appellant received from respondent a cold permanent wave to her hair. In its administration, respondent used and applied a solution known as Duo-Curl, followed by the use and application of a chemical compound as a neutralizer. A few days later, respondent gave appellant a shampoo and another application of the neutralizer. The manner of the use and application of the solutions was such that appellant sustained a substantial loss of hair, suffered an itching of the scalp, and received burns about her forehead and sides of her face.

The ground upon which the motion for judgment notwithstanding the verdict was granted was that the evidence was insufficient to establish a causal relationship between any established negligence on the part of respondent and any of the injuries sustained by appellant.

There is testimony in the record showing that prior to January 19, 1952, appellant had a head of heavy fine hair, and thereafter it became much thinner and its texture was changed. Her hair continued to fall out until March, 1953, by which time she had lost over half of the hair she originally had. There was evidence and permissible inferences reasonably to be drawn therefrom that respondent used an excessive amount of chemical solution and not a sufficient amount of neutralizer. Direct and circumstantial relevant evidence, coupled with medical testimony, justified a finding by the jury that the reasonable and probable cause of the loss of appellant's hair was the method used by respondent in applying the chemicals.

Respondent waived his motion for a new trial. We therefore do not have for consideration any question with reference to the measure of damages or the amount of the award.

The judgment is reversed, and the case remanded for the entry of a judgment on the verdict of the jury.

MALLERY, HAMLEY, FINLEY, and OLSON, JJ., concur.