Joanne L. Horan, Plaintiff-Appellee, v. Klein's-Sheridan, Inc., William D. Beetler, d/b/a Klein's Beauty Salon, and Sandra Roehm Moore, Defendants-Appellants.

Gen. No. 64–74.

Third District.

October 6, 1965.

Rehearing denied November 9, 1965.

Cassidy & Cassidy, of Peoria, for appellants.

Swain, Johnson & Gard, of Peoria, for appellee.

HOFFMAN, J.

This is an appeal from a judgment based upon a jury verdict arising from an action brought by a customer against the owner of a beauty shop and his operator for personal injuries resulting from negligence in applying a waving solution.

The defendants argue here that the judgment of .$12,500 should be reversed because there is insufficient evidence to support defendants' negligence, and, in the alternative, because the verdict is excessive and error was committed in permitting plaintiff's physician to testify.

The plaintiff, a 26-year-old woman at the time of the occurrence, went to defendant's beauty parlor to ob-

tain a cold wave permanent. The defendant operator, to whom plaintiff was referred, rolled plaintiff's hair in rollers and then administered the waving solution with dabs of cotton. During this process plaintiff complained that the solution was burning her and excess solution ran down plaintiff's forehead, face, ears and neck. The hair was then left in the rollers for 15–20 minutes, after which the solution was neutralized and the hair rinsed and set. Following this operation plaintiff again complained that her head was burning.

After completion of the permanent, plaintiff paid defendant and left. An hour later her head and scalp were still burning. Defendant's receptionist was called and plaintiff was told to apply vaseline. Several hours later plaintiff's skin was red from her forehead to her chest and she was in agony. Upon a doctor's recommendation plaintiff's head was shampooed with soap and an ointment applied. The following day plaintiff's head and scalp were still burning and large amounts of hair came out upon combing. Two days after the permanent a doctor's examination revealed 2nd degree burns along the forehead, on the temporal regions, behind the ears and across the back of the head. The hair was falling out. After two weeks the burns had healed but the hair had not returned, and it continued to fall out for several months. After the hair stopped falling out there was no hair on the front crown and much was missing around the left ear and across the back of the right ear. The plaintiff testified at the trial that her hair was heavy and fine prior to the occurrence. She further told of her suffering as a result of her loss of hair, which continued until she purchased a wig more than seven years later.

The main thrust of defendants' challenge to plaintiff's judgment is that plaintiff has not proven specific

negligent acts of commission or omission on the part of either defendant which caused plaintiff's injuries. Defendants say that the only specific fact actually proven is that plaintiff had symptoms of burns which were diagnosed as a contact dermatitis. Defendant argues that there are no facts specifically establishing the cause of the dermatitis and that plaintiff has failed to prove a reasonable chain of causation between the operator's acts and the injury. To support this, great reliance is placed upon Kraus v. Becker, Ryan & Co., 265 Ill App 525, and Ravo v. Lido, 17 App Div 476, 236 NYS2d 135. A careful reading of these cases indicates that in both of them the plaintiff made vague and general allegations of negligence and relied upon the doctrine of res ipsa loquitur for recovery. In both cases the respective courts found that the res ipsa test had not been met.

In the instant case, however, the plaintiff has introduced evidence from which the jury could clearly find that: (1) the operator, contrary to good practice, did not make a preliminary curl test, (2) the operator applied the solution so liberally that it ran down plaintiff's forehead, face, ears and neck, (3) the operator failed to remove the solution, even though plaintiff repeatedly told her it was burning, and (4) the operator left the solution on far longer than good practice required. The treating physician, who was also the family doctor, testified that the plaintiff had never evidenced any complaints nor any physical condition that might have caused loss of hair until this episode occurred. He further stated that the injuries resulted from a burn and not an allergy.

This medical evidence, following upon the direct evidence of negligent application above described, in our opinion justified the jury in finding that the reasonable and probable cause of the burns and the resulting loss of plaintiff's hair was the method

458

used by defendant in applying the chemicals. See: Higgins v. Byrnes, 274 Ill App 440; Moen v. Ruth's Beauty Shoppes, Inc., 287 Ill App 612, 4 NE2d 642; Opsal v. Lockhart, 44 Wash2d 415, 267 P2d 1061. From the facts of this case the jury was authorized to find that the defendant operator applied the chemical solution to plaintiff's head in a greater quantity than was reasonable or necessary, and left it on for an unreasonable length of time and until it burnt the plaintiff's skin. There having been no proof in this case that the chemical which was used was defective, it follows that plaintiff's burns were caused by the failure of defendant's operator to use the necessary precautions to protect the plaintiff.

The defendants complain that the verdict in this case is excessive. While it is true that plaintiff's special damages were quite modest, it must be pointed out that there was evidence of plaintiff's agonizing pain, and her disfigurement as the result of burns incurred and the severe loss of her hair. This loss was so great that even on the date of trial (8 years after the occurrence), she had not fully recovered her original head of hair. The jury had an opportunity to examine plaintiff's hair at the time of trial and to compare its condition with photographs taken prior to the occurrence. They could justifiably conclude that this young woman had suffered a permanent loss of hair.

■■■■■ The plaintiff is always entitled to recover all damages which are the natural and proximate consequence of the act complained of. City of Chicago v. McLean, 133 Ill 148, 153, 24 NE 527. It is clearly the law that in fixing a plaintiff's damages the jury may consider plaintiff's marred personal appearance. Simon v. Kaplan, 321 Ill App 203, 52 NE2d 832. While it is true that no recovery is usually permitted for mental suffering which results from embarrassment

and which has no relation to physical pain, Fitzgerald v. Davis, 237 Ill App 488, nor that anguish of mind, wholly sentimental, arising from a contemplation of a disfigurement, may be considered, Chicago, B. & Q. R. Co. v. Hines, 45 Ill App 299, yet, damages may be recovered for pain and anguish of mind caused by the personal injury, Chicago City Ry. Co. v. Anderson, 80 Ill App 71, and for disfigurement which results from the occurrence, Demikis v. One Cent Club, Inc., 319 Ill App 191, 48 NE2d 782.

Absolutely certain results fixing exact dollars as compensation for personal injuries are insusceptible of admeasurement. The amount of an award, which is principally based upon pain, suffering and disfigurement, rests largely within the discretion of the jury, Miller v. Luehring, 343 Ill App 351, 98 NE2d 875. When an experienced trial judge, who has presided at the trial and seen the plaintiff in person, has approved such a verdict, as in the instant case, it should not be reduced nor overturned by a reviewing court unless it is proven to be clearly erroneous or the result of passion and prejudice. We cannot say that such is the verdict here.

The defendants have also urged upon us that the judgment should be reversed and a new trial granted because the attending physician was permitted to express an opinion regarding the causation of the dermatitis. We have carefully studied this point and are satisfied that no error was committed.

The judgment is affirmed.

Judgment affirmed.

STOUDER and CORYN, JJ., concur.