ELLA BENZA, Plaintiff-Appellant, *v.* SHULMAN AIR FREIGHT *et al.*, Defendants-Appellees.

First District (1st Division)   No. 62875

Opinion filed March 7, 1977.

Hennessy, Faraci & Tassone, of Chicago (John J. Lowrey, of counsel), for appellant.

Law Offices of Thomas J. Keevers, of Chicago (Jerry Felsenthal, of counsel), for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

In this action for negligence, the trial court sustained the motion of defendants to dismiss the complaint with prejudice. Plaintiff has appealed.

■■ The factual basis of plaintiff's case is limited by the properly pleaded facts of the complaint which are accepted as true. (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 554, 328 N.E.2d 538.) Ella Benza (plaintiff) alleged that on July 28, 1973, she was a passenger in an

automobile being driven in an easterly direction in Chicago. Defendants, Shulman Air Freight and Robert Moore, were the respective owner and operator of another motor vehicle being driven on the same street in a westerly direction. Defendants disregarded their duty to plaintiff by driving at an excess rate of speed, failing to keep their vehicle under sufficient control and by negligently and carelessly allowing their vehicle to cross the center line and to travel on the wrong side of the road.

As a direct and proximate result, the vehicle of defendants came so close to striking the vehicle in which plaintiff was riding "as to create in the Plaintiff a state of severe emotional excitement due to the reasonable and actual fear of imminent collision and serious personal harm." As a direct and proximate result of this emotional disturbance, and as a direct and proximate result of the use by defendant Moore of "abusive, obnoxious, offensive, and opprobrious language directed at Plaintiff and her companions," plaintiff suffered "serious and permanent injury, both physical and emotional * * *." Plaintiff therefore suffered physical pain and mental anguish which will extend into the future and was compelled and will be compelled to expend large sums in curing her injuries.

Defendants' motion to dismiss averred that the complaint failed to state a cause of action because it alleged only negligent operation of the motor vehicle and use of inappropriate language without intentional conduct or any impact between the vehicles and also that mental suffering not intentionally inflicted is not compensable under Illinois law.

In this court, plaintiff takes the position that Illinois has abandoned the rule announced in *Braun v. Craven* (1898), 175 Ill. 401, 51 N.E. 657, and presently allows recovery to a plaintiff who suffered emotional harm accompanied by bodily injury as a result of negligence. Defendants respond that Illinois does not permit recovery to a plaintiff who suffered emotional harm accompanied by bodily injury, absent a physical impact, as a result of negligence; Illinois does not recognize such an action where the resulting physical distress was caused by the preexisting susceptibility to emotional distress and even if such action was recognized the complaint in the instant case was properly dismissed.

Our views impel us to affirm the order entered in the trial court for the same reason therein expressed. We consider that we are duty bound to follow the ruling expressed in *Braun.* Our reasons follow.

■■ It is first necessary to distinguish the instant case involving alleged negligence from the many Illinois cases which have established the right of recovery under the theory of intentional infliction of severe emotional distress. Such recovery is permitted in this jurisdiction only in cases in which specified and rigid requirements are complied with. This principle is best illustrated by *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 360 N.E. 2d 765. That case involved an attempt by a debtor to recover

against a finance company for mental anguish and emotional distress allegedly caused by the intentional conduct of defendant's agents in attempting to collect the debt. The supreme court analyzed and set forth the four requirements which must necessarily be present before recovery is permitted for this type of intentional tort. The supreme court commented upon its previous decision in *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157, as the case in which the court first "recognized the intentional causing of severe emotional distress as a separate and additional tort * * *." (66 Ill. 2d 85, 88.) *Public Finance* affirmed a decision by this court (Fifth District) which noted a number of authorities, including decisions of the courts of Illinois, which have applied the rigid requirements for recovery for intentional infliction of severe emotional distress. See *Public Finance Corp. v. Davis* (1976), 36 Ill. App. 3d 99, 105, 343 N.E.2d 226.

In the case before us, the basic theory of the complaint is negligent operation of defendants' motor vehicle. The alleged physical injury to plaintiff is secondary as the complaint alleges that it resulted from the extreme emotional disturbance to plaintiff, aggravated by the use of abusive language by defendant Moore. There is no allegation that this language, whatever it may have been, was used with intent to inflict injury upon plaintiff. In our opinion, the case before us is governed by *Braun*. In that case, the complaint charged defendant with negligence. Plaintiff was visiting her sister who was a tenant of the defendant. The evidence showed that defendant entered the house to collect rent. His entrance was apparently without noise and upon seeing plaintiff he made certain statements to her which caused fright and emotional distress which in turn caused plaintiff to become a victim of the nervous disease defined as chorea, commonly known as Saint Vitus dance. A jury verdict awarding damages to plaintiff was reversed.

The supreme court reviewed a number of authorities. The court concluded that the action was purely one of negligence and that if defendant were to be held liable under those circumstances "then any person who might so speak or act as to cause a stranger of peculiar sensibility passing by to sustain a nervous shock productive of serious injury might be held liable." (175 Ill. 401, 420.) The court also pointed out that it did not appear that the defendant's conduct was such that it might be anticipated by him that the peculiar injury sustained by defendant would have resulted. To modernize this language, it might be stated that it was not reasonably foreseeable to defendant that his conduct might have provoked the consequences which resulted. Compare *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617.

Counsel for plaintiff has given us an aptly put argument which is alternatively stated. First, it is urged that the opinion of the supreme court

in *Knierim* specifically rejected arguments advanced in *Braun* as the basis of the latter decision so that *Braun* has in effect been overruled. In view of the factual differences between *Knierim* and *Braun,* we cannot agree with this contention. Alternatively plaintiff urges that even conceding that *Knierim* did not overrule *Braun,* this court should do so and remand the instant case for trial. This argument is fortified by the citation of cases from a number of jurisdictions other than Illinois. Plaintiff urges that, in five of these other jurisdictions, precedents cited by the *Braun* court have been overruled by later cases in those same jurisdictions. Plaintiff cites:

*Wyman v. Leavitt* (1880), 71 Me. 227, 36 Am. R. 303, overruled by *Wallace v. Coca-Cola Bottling Plants, Inc.* (Me. 1970), 269 A.2d 117; *Ewing v. Pittsburgh, Cincinnati & St. Louis Ry. Co.* (1892), 147 Pa. 40, 23 A. 340, overruled by *Niederman v. Brodsky* (1970), 436 Pa. 401, 261 A.2d 84; *Mitchell v. Rochester Ry. Co.* (1896), 151 N.Y. 107, 45 N.E. 354, overruled by *Battalla v. State* (1961), 10 N.Y.2d 237, 219 N.Y. Supp. 2d 34, 176 N.E.2d 729; *Gulf, Colorado & Santa Fe Ry. Co. v. Trott* (1894), 86 Tex. 412, 25 S.W. 419, overruled by *Gulf, Colorado & Santa Fe Ry. Co. v. Hayter* (1900), 93 Tex. 239, 54 S.W. 944; and *Keyes v. Minneapolis & St. Louis Ry. Co.* (1886), 36 Minn. 290, 30 N.W. 888, overruled by *Okrina v. Midwestern Corp.* (1969), 282 Minn. 400, 165 N.W.2d 259. In our opinion, *Keyes* is not comparable to the case before us. However, *Okrina* cites *Purcell v. St. Paul City Ry. Co.* (1892), 48 Minn. 134, 138-39, 50 N.W. 1034, where the court held that a cause of action exists for physical injury resulting from negligently inflicted fright, even without physical impact upon plaintiff's person.

Plaintiff also asserts that other cases supporting this allegedly more recent rule of law are *Stewart v. Gilliam* (Fla. App. 1972), 271 S.2d 466, and *D'Ambra v. United States* (1975), 114 R.I. 643, 338 A.2d 524.

■■ ■ Plaintiff may be legally correct in the contention that these authorities exemplify a new and modern principle of the law of torts which has been adopted as the majority American view. However, we have neither the authority nor the inclination to overrule decisions of the Supreme Court of Illinois. Such action, in our opinion, is exclusively within the prerogative of the highest court of Illinois. This court recently reached the same result in connection with a rather similar issue involving a proposed change in Illinois law by permitting contribution between defendants in a products liability action. See *Skinner v. Reed-Prentice Division Package Machinery Co.* (1976), 40 Ill. App. 3d 99, 104, 351 N.E.2d 405, now pending before the supreme court pursuant to leave granted to appeal.

The order appealed from is accordingly affirmed.

McGLOON and O'CONNOR, JJ., concur.