THE CARLINVILLE NATIONAL BANK, Ex'r of the Estate of Harold W. Stephenson, Deceased, *et al.*, Plaintiffs, *v.* KENT Y. RHOADS *et al.*, Defendants-Appellees.—(LUCILE STEPHENSON, Plaintiff-Appellant.)

Fourth District   No. 14775

Opinion filed September 1, 1978.—Rehearing denied September 19, 1978.

Phelps, Carmody & Kasten, of Carlinville (Carl E. Kasten, of counsel), for appellant.

Stuart Dobbs, of Denby, Dobbs & Meno, of Carlinville, for appellees.

Mr. JUSTICE REARDON delivered the opinion of the court:

The plaintiff-appellant, Lucile Stephenson, appeals the dismissal by the Circuit Court of Macoupin County on November 16, 1977, of counts V, VI, and IX of her amended complaint seeking compensatory damages for emotional distress and psychiatric trauma sustained by her as a result of witnessing her husband's death allegedly caused by the negligence of the defendant, Kent Y. Rhoads, an agent of the other named defendants.

In the complaint, plaintiff alleged that on August 14, 1976, her husband, Harold W. Stephenson, was driving their automobile in which she was a passenger on a blacktop north of Macoupin Station, Illinois, when it was struck by an oncoming truck driven by defendant Rhoads, an agent of defendant M. C. Transfer Company, Inc. The complaint further states that as a result of the collision, Harold Stephenson was instantly killed,

and the plaintiff was physically injured. In count III of the complaint, which is still pending, plaintiff seeks to recover for those physical injuries and for the mental trauma directly related to those injuries.

In counts V, VI, and IX, plaintiff alleged that immediately prior to the crash, she saw the truck driven by defendant Rhoads cross the center line and collide into their vehicle. Immediately after the crash, plaintiff alleged that she tried to communicate with her husband and discovered that he was lying over the steering wheel and was dead. As a proximate result thereof, plaintiff alleged in these counts that she sustained severe mental pain, fright, shock, depression, instability, nervous tension, and experienced physical manifestations of this emotional distress including dizziness, chest discomfort, anxiety attacks, insomnia, and frequent awakenings. Additionally, plaintiff alleged that she incurred large psychiatric costs and hospital costs for two lengthy hospital stays for psychiatric treatment and will have to incur psychiatric treatment in the future.

The issue presented on appeal is whether a cause of action should be recognized in favor of the plaintiff for negligent infliction of mental distress caused as a result of witnessing, as a passenger in the same car, her husband's death in an automobile collision.

■■ It is well settled in Illinois that a motion to dismiss a complaint, like a common law demurrer, admits facts well pleaded for the purpose only of determining whether, as a matter of law, those facts pleaded state a claim upon which relief may be granted. (*O'Fallon Development Co. v. Ring* (1967), 37 Ill. 2d 84, 88, 224 N.E.2d 782, 784; *Hubbard v. Aetna Insurance Co.* (1976), 37 Ill. App. 3d 666, 669, 347 N.E.2d 396, 399.) The standard of review on appeal is similarly whether the complaint alleged facts which sufficiently state a cause of action. *Psyhogios v. Village of Skokie* (1972), 4 Ill. App. 3d 186, 191, 280 N.E.2d 552.

■■ Illinois has long followed the view that there can be no recovery for negligent infliction of mental distress in the absence of some contemporaneous physical impact. In *Braun v. Craven* (1898), 175 Ill. 401, 420, 51 N.E. 657, the supreme court held that no liability exists for negligent acts which occasion fright or terror where there has been no accompanying physical impact, even if nervous shock, which constitutes a physical injury, follows.

On the other hand, where the defendant's negligence inflicts an immediate physical injury, such as a broken leg, it is well settled that Illinois courts will allow recovery for the mental disturbance accompanying the injury. (*City of Chicago v. McLean* (1890), 133 Ill. 148, 153, 24 N.E. 527; *Budek v. City of Chicago* (1935), 279 Ill. App. 410, 427; *Horan v. Klein's-Sheridan, Inc.* (1965), 62 Ill. App. 2d 455, 460, 211 N.E.2d 116.) These decisions, however, have specifically restricted recovery to the mental anguish directly connected to the bodily injury. As

the court stated in *McLean*, "Any mental anguish, which may not have been connected with the bodily injury, but caused by some conception arising from a different source, could not properly have been taken into consideration by the jury." 133 Ill. 148, 153, 24 N.E. 527.

Where the emotional disturbance and its consequences are caused by distress at some peril or harm or another, Illinois courts have also denied recovery. In *Phillips v. Dickerson* (1877), 85 Ill. 11, a married woman who heard but did not see a quarrel between her husband and the defendant, sued to recover damages for a miscarriage caused by her fright. The supreme court held that there could be no recovery by the woman for miscarriage or for emotional disturbance suffered by her when no physical contact with the defendant was involved, because such damages were too remote, and they could not be regarded as the natural and proximate consequence of the defendant's conduct. In *Duncan v. Martin's Restaurant, Inc.* (1952), 347 Ill. App. 183, 190, 106 N.E.2d 731, the pregnant plaintiff became ill after eating food served at the defendant restaurant. Three days after the meal she gave birth to a premature baby which died. The court held that she could recover for pain and mental anguish caused as a consequence of her injuries, but not for the purely sentimental mental anguish caused by the child's death.

In *McCullough v. Orcutt* (1957), 14 Ill. App. 2d 513, 145 N.E.2d 109, a wife suffered shock, strain, and anxiety, and became so emotionally upset that she miscarried and gave birth to a stillborn child as a result of injuries her plaintiff husband sustained outside her presence in a collision while a passenger in the defendant's automobile. The court held that it was reversible error to admit testimony concerning the wife's emotional disturbance in the absence of contemporaneous physical injury. In *Corey v. Hiberly* (7th Cir. 1965), 346 F.2d 368, a fireman died of coronary occlusion while in the act of preparing to fight a fire negligently started by the defendant. The court there held that the Illinois fireman's wife could not recover damages from the defendant for emotional disturbance as a result of the death because she suffered no contemporaneous physical injury. In all of these cases, however, the peril or harm occurred outside the plaintiff's presence.

■■ Recent appellate decisions have followed the position taken in *Braun* that there can be no recovery for the negligent infliction of mental distress in the absence of contemporaneous physical impact. In *Benza v. Shulman Air Freight* (1977), 46 Ill. App. 3d 521, 361 N.E.2d 91, plaintiff appealed the trial court's dismissal of his complaint which alleged that defendants negligently allowed their vehicle to cross the center line almost striking plaintiff's oncoming vehicle. As a result of this, and abusive language used by defendants, plaintiff alleged that she suffered both physical and emotional injury. Plaintiff argued that the supreme court's decision in *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157, which recognized the

intentional infliction of emotional distress as a separate tort, specifically rejected arguments which were the basis of the *Braun* decision so that *Braun* had in effect been overruled. The court in *Benza*, however, rejected plaintiff's argument and held that it was duty bound to follow the ruling expressed in *Braun*. The court stated: "* * * we have neither the authority nor the inclination to overrule decisions of the Supreme Court of Illinois. Such action, in our opinion, is exclusively within the prerogative of the highest court of Illinois." 46 Ill. App. 3d 521, 525, 361 N.E.2d 91.

In *Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 370 N.E.2d 1235, the trial court dismissed count I of plaintiffs' complaint which alleged negligent infliction of mental distress caused as a result of defendant's negligence in hiring an unstable driver who made repeated passes at the rear of plaintiffs' car on an interstate highway as if he were going to strike the plaintiffs' vehicle. The appellate court, citing *Braun* and *Benza*, stated that "[p]laintiffs failed to state a cause of action under count I for the negligent infliction of severe emotional distress since they failed to allege bodily injury and since there was no physical impact between the vehicles or upon the plaintiffs' persons." 55 Ill. App. 3d 959, 962, 370 N.E.2d 1235, 1238.

Clearly, the well-established Illinois view has been to deny recovery for negligently inflicted mental distress unless it arises from and is directly connected with some contemporaneous physical injury. Plaintiff urges this court to now recognize in Illinois a cause of action for the negligent infliction of mental distress not arising from a contemporaneous physical injury but caused solely as the result of witnessing peril or harm to another. Plaintiff argues that the modern trend of decisions in other States and leading tort authorities support such recovery where the factual elements in the instant case are present. While we note that resulting emotional disturbance can be as severe and as certain whether it be caused by an intentional act or by a negligent act, we are bound by decisions of the Illinois Supreme Court. (*Agricultural Transportation Association v. Carpentier* (1953), 2 Ill. 2d 19, 27, 116 N.E.2d 863, 867; *People v. Spahr* (1978), 56 Ill. App. 3d 434, 438, 371 N.E.2d 1261, 1264.) Since not all of the members of this panel are motivated to a change in the principle controlling this case, and since the entire panel recognizes and desires to respect our lack of authority to overrule decisions of the supreme court, we conclude that any recognition of negligent infliction of mental distress as a separate tort must come from the supreme court of this State. Accordingly, the circuit court's dismissal of counts V, VI, and IX of plaintiff's complaint is affirmed.

Affirmed.

GREEN, P. J., and MILLS, J., concur.