ROBERT RICKEY, a Minor, by Janet Rickey, his Mother and Next Friend, Plaintiff-Appellant, v. THE CHICAGO TRANSIT AUTHORITY et al., Defendants-Appellees.

First District (4th Division)    No. 80-2253

Opinion filed October 29, 1981.

James J. Reidy, Ltd., of Chicago, for appellant Robert Rickey.

Norman J. Barry and Daniel Cummings, both of Chicago (Rothschild, Barry & Myers, of counsel), for appellee Chicago Transit Authority.

French and Rogers, of Chicago (Richard G. French and Dorothy F. French, of counsel), for appellee United States Elevator Corporation.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, of counsel), for appellee Otis Elevator Company.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

This action was brought by Janet Rickey on behalf of her minor son, Robert Rickey, seeking damages for emotional distress resulting from the alleged negligence of the defendants, the Chicago Transit Authority (CTA), United States Elevator Corporation and Midland Elevator Company. Additionally, the plaintiff sought recovery against Otis Elevator Company predicated on a theory of strict product liability. The trial court

dismissed the suit on the basis that the complaint failed to state a cause of action and the plaintiff appeals. The issue involved is whether there may be recovery of damages for the negligent infliction of emotional distress in the absence of a contemporaneous physical impact or injury suffered by the plaintiff.

Since this appeal comes to us on a motion to dismiss, we must accept as true all facts properly pleaded together with all reasonable inferences which could be drawn from those facts. (*Carroll v. Caldwell* (1957), 12 Ill. 2d 487, 147 N.E.2d 69.) The complaint, as amended, alleges that the minor plaintiff was present with his parents at a CTA subway station when he observed a serious accident involving his brother, Richard Michael Rickey. Richard's clothing became entangled in an escalator and he was choked and deprived of oxygen for some time. After he was freed, he was found to be in a comatose state and still remains in that condition in a nursing care facility. As a result of observing this incident and its aftermath, the plaintiff experienced severe functional, emotional, psychiatric and behavorial disorders. The symptoms of these disorders are severe depression, permanent mental disturbances, and an inability to conduct the normal affairs of life, whether in school or through employment. The complaint further alleges that the plaintiff has undergone and is likely to undergo in the future a great deal of expensive medical psychiatric care for these ailments. The plaintiff specifically asserts on appeal that he is not alleging that he suffered physical injury or impact at the time he observed his brother's accident. The plaintiff does not claim that the injuries of which he complains were caused by an intentional act on the part of the defendants nor does he allege that he was within a "zone of danger."

Illinois has consistently barred recovery for negligently inflicted emotional distress unless it arises from and is directly related to a contemporaneous physical impact or injury suffered by the plaintiff. (*Cutright v. City National Bank* (1980), 88 Ill. App. 3d 742, 410 N.E.2d 1142.) This impact rule, as it is characterized by the parties, was first enunciated in *Braun v. Craven* (1898), 175 Ill. 401, 51 N.E. 657, where the Illinois Supreme Court held that no liability exists for negligent acts which occasion fright or terror where there has been no accompanying physical impact even if nervous shock, which constitutes a physical injury, results. The appellate court has repeatedly followed the *Braun* decision. See *Cutright v. City National Bank*; *Carlinville National Bank v. Rhoads* (1978), 63 Ill. App. 3d 502, 380 N.E.2d 63; *Kaiserman v. Bright* (1978), 61 Ill. App. 3d 67, 377 N.E.2d 261; *Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 370 N.E.2d 1235; *Benza v. Shulman Air Freight* (1977), 46 Ill. App. 3d 521, 361 N.E.2d 91.

The plaintiff concedes that the above rule of law would preclude recovery in this cause. He argues, however, that the majority of juris-

dictions have abandoned the impact rule on the grounds that it is arbitrary and obsolete and that it bars meritorious claims. The plaintiff asks us to reconsider the viability of the rule in light of the recent trend of allowing recovery, under certain conditions, to one who is emotionally distressed as a result of observing harm or peril to another.

The defendants, on the other hand, assert that this court lacks authority to award relief in this cause. They argue that we are duty bound to follow the Illinois Supreme Court decision in *Braun v. Craven*. Ordinarily, we would agree that it is improper for the appellate court to deviate from the decisions of the State Supreme Court. (See *Benza v. Shulman Air Freight* (1977), 46 Ill. App. 3d 521, 361 N.E.2d 91.) However, the subsequent history of the impact rule and the development of the law in areas dealing with mental distress convince us that a reevaluation of the rule is proper. *Braun* was decided in 1898, at a time when the impact rule was followed in a majority of jurisdictions. Since then, many of the precedents cited as support by the *Braun* court have been overruled. (See *Benza*, 46 Ill. App. 3d 521, 525, 361 N.E.2d 91, 94, for a listing of these precedents and the cases overruling them.) As will be subsequently detailed, the rationales underlying the impact rule have been rejected as unsound not only by the vast majority of jurisdictions, but also specifically by the Illinois Supreme Court in *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157, where it recognized a cause of action for the *intentional* infliction of emotional distress.

The three-part rationale which provides the basis for the impact rule has been seriously undermined in recent years. The first reason usually asserted for requiring a contemporaneous impact is that mental or emotional injuries suffered in the absence of a physical impact or injury are not readily foreseeable as natural and proximate consequences of the defendant's negligent conduct. This is the position taken in *Braun v. Craven*. However, this view has been discredited in a majority of jurisdictions. (See *Dillon v. Legg* (1968), 68 Cal. 2d 728, 441 P.2d 912, 69 Cal. Rptr. 72; *D'Ambra v. United States* (1975), 114 R.I. 643, 338 A.2d 524.) These jurisdictions have recognized that under certain circumstances, it is reasonably foreseeable to the defendant that his negligence may cause another to suffer emotional distress. Also, it is illogical to maintain that emotional injury is not foreseeable where the plaintiff receives no impact and yet that it is foreseeable where the plaintiff receives only a slight, almost imperceptible impact. Second, the impact rule has been perpetuated on the basis that its rejection would precipitate a flood of litigation. It is apparent, however, that in those States which follow the majority rule and allow recovery for emotional injuries without physical impact "the feared flood tide of litigation has simply not appeared." (*Niederman v. Brodsky* (1970), 436 Pa. 401, 411, 261 A.2d 84, 89.) Third, it

has been suggested that abandonment of the impact rule would open the door for fraudulent or fictitious claims. This argument was addressed by the court in *D'Ambra v. United States* (1975), 114 R.I. 643, 655, 338 A.2d 524, 530, which stated that "many courts, including this one, have shown themselves reluctant to bar an entire class of claims with a bright line rule merely for fear that occasionally recovery will be ill-founded." Moreover, in *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157, the Illinois Supreme Court recognized that recovery is available for the intentional infliction of emotional distress even where no contemporaneous physical impact or injury occurs. Illinois is thus already involved in the task of weeding out dishonest claims relating to emotional distress.

A leading commentator in the area of tort law has pointed out the absurdity of conditioning recovery for severe mental distress upon whether the plaintiff received a contemporaneous physical impact.

> "[C]ourts have found 'impact' in minor contacts with the person which play no part in causing the real harm, and in themselves can have no importance whatever. 'Impact' has meant a slight blow, a trifling burn or electric shock, a trivial jolt or jar, a forcible seating on the floor, dust in the eye, or the inhalation of smoke. The requirement has even been satisfied by a fall brought about by a faint after a collision, or the plaintiff's own wrenching of her shoulder in reaction to the fright. The magic formula 'impact' is pronounced; the door opens to the full joy of a complete recovery." Prosser, Torts §54, at 331 (4th Ed. 1971).

■■ The defendant asserts that the impact rule serves an important purpose in limiting the potentially infinite liability of a defendant for the consequences of his negligent acts. We agree that it would be unfair to hold a negligent defendant liable for consequences which he could not reasonably foresee. However, as stated in *Dillon v. Legg* (1968), 68 Cal. 2d 728, 739, 441 P.2d 912, 919, 69 Cal. Rptr. 72, 79, "[t]he alleged inability to fix definitions for recovery on the different facts of future cases does not justify the denial of recovery on the specific facts of the instant case." We feel that the cause before us possesses adequate safeguards against the hazards of unlimited liability. First, the minor plaintiff was located near the scene of the accident. Second, his injuries allegedly resulted from a direct emotional impact caused by the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. Third, the plaintiff and victim were closely related. These three factors have been used by several courts in determining whether the defendant could reasonably foresee injury to the plaintiff or, in other terminology, whether the defendant owes the plaintiff a duty of due care. (*Dillon v. Legg*; *D'Ambra v. United States*; *D'Amicol v. Alvarez Shipping Co.* (1973), 31 Conn. Supp. 164, 326 A.2d

129; *Toms v. McConnell* (1973), 45 Mich. App. 647, 207 N.W.2d 140.) Furthermore, we believe that the plaintiff's allegations regarding the consequences of his distress are sufficient to establish a real, compensable injury as opposed to mere temporary fright. (See *Vanoni v. Western Airlines* (1967), 247 Cal. App. 2d 793, 56 Cal. Rptr. 115; *Cook v. Maier* (1939), 33 Cal. App. 2d 581, 92 P.2d 434.) We therefore believe that the allegations of the complaint are sufficient to state a cause of action for the negligent infliction of emotional distress.

■■ The plaintiff's claim against Otis Elevator Company, however, is predicated not upon a theory of negligence but rather on the theory of strict product liability. As the defendant correctly asserts, Illinois does not recognize a cause of action for mental and emotional distress under strict product liability. (*Woodill v. Parke Davis & Company* (1978), 58 Ill. App. 3d 349, 374 N.E.2d 683, *aff'd* (1980), 79 Ill. 2d 26, 402 N.E.2d 194.) Furthermore, the plaintiff has failed to argue or cite authority in support of recognizing a strict product liability theory of recovery for mental or emotional distress. For these reasons, the judgment of the circuit court with regard to defendant Otis Elevator Company is affirmed.

Accordingly, the judgment of the circuit court is affirmed in part, and reversed and remanded in part.

ROMITI, P. J., and LINN, J., concur.