PRESIDING JUSTICE STOUDER
 

 delivered the opinion of the court:
 

 This is an appeal from a judgment of the circuit court of Peoria County dismissing the third amended complaint (hereinafter complaint) of Sally Rahn and Robert Rahn seeking to recover damages from defendants Deluxe Mobile Home Sales, Inc. (hereinafter Deluxe), and Russell and Connie Gerdts (hereinafter Gerdts). This action arises in connection with a motor home manufactured by Winnebago on a chassis supplied by Chrysler Corporation. These latter two parties were originally defendants in separate counts of the complaint, but after the notice of appeal was filed actions with them were settled and they are not parties to this appeal.
 

 On December 21, 1979, plaintiffs, Bob and Sally Rahn, leased from Gerdts a 1975 motor home. Gerdts were at the time engaged in the business of leasing motor homes and had advertised their business in the Peoria Journal Star newspaper among others.
 

 Later, on December 21, 1979, the Rahns and their family started out on a family trip to spend the Christmas holidays in Florida. While they were driving the leased motor home about 23 miles south of Atlanta on Interstate 75, one of the two fuel tanks became disconnected, dragged on the pavement, and as a result of the friction burst into flames. Plaintiffs and their children leaped from the flaming vehicle after it had stopped without receiving any burns or serious physical injury. Sally Rahn did sustain a scratch to her arm and an immediate pain in her chest. The personal belongings of clothes, Christmas gifts and the like were totally destroyed.
 

 Approximately nine weeks later Sally Rahn was admitted to a psychiatric unit of St. Francis Hospital in Peoria where she was treated for severe depression, anxiety and nervousness, all of which were caused, according to the complaint, by the incident. She continues to be seen and treated by her psychiatrist.
 

 After earlier complaints were dismissed with leave to amend, the third amended complaint was dismissed with prejudice, and it is the judgment dismissing the third amended complaint which is the subject of this appeal.
 

 The third amended complaint may be summarized as follows:
 

 Counts I and V are brought by Sally Rahn and Robert Rahn respectively. Each count is against Gerdts and is based on strict liability in tort. Essentially, each alleges Gerdts was engaged in the business of leasing motor homes and as such leased a motor home to plaintiffs on December 21, 1979; the motor home was at the time it left the possession of Gerdts defective and unreasonably dangerous by reason of an insecure fuel tank; and the defect was not present when the motor home left the possession and control of the manufacturer. In count I, plaintiff alleges she was injured physically and emotionally because of the defect and asks for damages. In count V, Robert Rahn seeks damages for the loss of personal property and for loss of consortium as a result of the injuries to his wife.
 

 Counts II and VI are similar to counts I and V and are based on strict liability in tort only as against Deluxe, which was the dealer that sold the vehicle as a used vehicle to Gerdts.
 

 Counts III, IV, VII and VIII were counts against Winnebago and Chrysler (who have since settled with plaintiffs).
 

 Counts IX, X, XI and XII are against Gerdts (IX and XI) and Deluxe (X and XII) and seek damages for the negligent inspection of the vehicle or, in the alternative, the negligent failure to inspect.
 

 We are initially concerned with the four counts against Gerdts and Deluxe seeking recovery based on the doctrine of strict liability in tort. The plaintiffs allege that Gerdts as lessor and Deluxe as seller of a used vehicle bear a relationship to the condition causing the injuries which subject each of them to strict liability in tort. The plaintiffs also allege facts sufficient to establish their particular rights to recover under the doctrine of strict liability in tort. Finally, plaintiff Sally Rahn argues that her allegations regarding physical injury resulting from emotional distress are compensable injuries.
 

 One of the reasons advanced by both Gerdts and Deluxe in support of the motions to dismiss the counts of the complaint based on strict liability is the complaint alleges only emotional and mental injuries. Relying on Woodill v. Parke Davis & Co. (1980), 79 Ill. 2d 26, 402 N.E.2d 194, the defendants argue that mental anguish and emotional distress unaccompanied by other physical injury are not compensable injuries in a strict liability tort action. We agree that Woodill does so hold and we believe that the Woodill precedent is still applicable notwithstanding the recent decision of our Illinois Supreme court in Rickey v. Chicago Transit Authority (1983), 98 Ill. 2d 546. In Rickey, the court extended the holding of Knierim v. Izzo (1961), 22 Ill. 2d 73, 174 N.E.2d 157, permitting recovery for mental anguish and emotional distress in nonimpact cases of deliberate torts to torts based on negligence. However, the discussion of the court in Rickey makes to clear that permitting recovery for such kinds of injuries is as a policy matter related to the nature of the conduct. Emphasizing that the recovery permitted is dependent on the element of foreseeability in a negligence action, the court did not see fit to describe the extension of the doctrine in terms other than those related to negligence. It should be noted that in Rickey v. Chicago Transit Authority (1981), 101 Ill. App. 3d 439, 428 N.E.2d 596, the appellate court, while extending the doctrine to negligence cases, declined to do so with respect to the count of the complaint based on strict liability and the plaintiff did not cross-appeal from this-ruling.
 

 Plaintiff Sally Rahn has suggested the same rationale for permitting recovery for mental anguish and emotional distress in negligence cases should be applicable in strict liability in tort cases. Although there may be some support for such a suggestion, our supreme court has not as yet extended the rule to that extent, and we decline to do so.
 

 We next consider the counts of the complaint alleging negligence against Gerdts and Deluxe. The trial court in dismissing the complaint did not specify any reasons for the judgment and consequently there is some uncertainty as to which of the arguments proffered by the defendants was accepted by the court.
 

 One common issue presented by both Gerdts and Deluxe in their briefs in this court is the argument by each that the negligent infliction of emotional distress in the absence of impact is not a recognized cause for recovery in this State. Their arguments in their briefs as well as the opposing argument of the plaintiffs, are based on the appellate court decision in Rickey v. Chicago Transit Authority (1981), 101 Ill. App. 3d 439, 428 N.E.2d 596. As indicated earlier, our supreme court has now held there may be recovery for mental anguish and emotional distress without impact so this issue has now been resolved in favor of the plaintiffs and we believe no discussion of the issue is required. (Rickey v. Chicago Transit Authority (1983), 98 Ill. 2d 546. In Rickey the supreme court held “[t]he standard we adopt here shall be applied to this case and to all cases not finally adjudicated.” (98 Ill. 2d 546, 556.) Since this case has not been finally adjudicated the standard of Rickey is applicable and supports the plaintiffs cause of action.
 

 Another ground for dismissing the negligence counts in the complaint was that the counts were filed more than two years after the incident took place and were therefore barred by the two-year statute of limitations.
 

 At the time the second amended complaint was dismissed leave was granted to file another amended complaint within 28 days. No amended complaint was filed within the 28 days, but several weeks after the expiration of this period the plaintiffs moved for leave to file a third amended complaint. Over the objections of the defendants such leave was granted, the third amended complaint was filed and the defendant again moved to dismiss this complaint. The dismissal motion alleged that the negligence counts which appeared for the first time in this complaint were filed more than two years after the occurrence of the incident. According to section 2 — 616(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2 — 616(b)):
 

 “The cause of action *** set up in any amended pleading shall not be barred by lapse of time under any statute *** prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** in the amended pleading grew out of the same transaction or occurrence set up in the original pleading.”
 

 The trial court permitted the third amended complaint to be filed, and we believe it falls within the terms of the foregoing provision and for the purpose of determining timeliness of filing it relates back to the filing of the initial complaint.
 

 Gerdts is the only defendant renewing this argument on appeal, and the only case cited is King v. Donahue (1966), 70 Ill. App. 2d 481, 216 N.E.2d 824, which is inapplicable. In King we affirmed the judgment of the trial court which declined to grant leave to file an amended complaint after a time period had expired which is not the case here. The trial court did grant the motion to file the third amended complaint, and there is no claim made that such permission constituted an abuse of discretion. No final judgment had been entered, and the trial court had ample authority to permit the filing of the third amended complaint.
 

 Defendant Gerdts neither in the trial court nor in this appeal has raised any issue regarding the sufficiency of the allegations of negligence, raising only questions relating to the statute of limitations and the insufficiency of damage allegations where only mental and emotional injuries are alleged. Since we have found in favor of the plaintiffs on these issues we conclude the trial court erred in dismissing the two counts against Gerdts based on negligence.
 

 The other defendant, Deluxe, has argued because it is the seller of a used motor vehicle the counts in the complaint against it do not allege as a matter of law any negligence on its part. Contrary to the allegations of the complaint, Deluxe asserts it was under no duty to inspect or discover the defective condition of the vehicle and accordingly it could not have performed such duty negligently or carelessly as so charged. Peterson v. Lou Bachrodt Chevrolet Co. (1975), 61 Ill. 2d 17, 329 N.E.2d 785, appears to support the defendant’s position and even though it deals more specifically with strict liability in tort, its language tends to negate any duty to generally inspect and discover defects. For this reason we believe the trial court properly dismissed the negligence counts against Deluxe.
 

 For the foregoing reasons the judgments of the circuit court of Peoria County dismissing counts IX and XI based on negligence against Russell and Connie Gerdts are reversed and such counts are remanded to such court for further proceedings. All other judgments of the circuit court of Peoria County are affirmed.
 

 Affirmed in part, reversed in part and remanded.
 

 SCOTT and HEIPLE, JJ., concur.
 

 SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
 

 PRESIDING JUSTICE STOUDER
 

 delivered the opinion of the court:
 

 In his petition for rehearing appellant Robert Rahn claims that count V of the complaint against Gerdts, the dismissal of which we affirmed in our opinion, should not have been dismissed because damages for loss of personal property of the plaintiff are recoverable in a strict liability in tort action and are not barred because merely an economic loss as defined in Moorman Manufacturing Co. v. National Tank Co. (1982), 91 Ill. 2d 69, 435 N.E.2d 443. The main thrust of the plaintiff’s complaint in counts I and V, the arguments before the trial court and the briefs before this court focused primarily on the claim of damages resulting from the emotional and mental distress of Sally Rahn, and we have some doubts that the damage to the personal property was ever any significant issue. Nevertheless, we have decided to accept the plaintiff’s position that the issue should have been considered.
 

 Accordingly, we hold that insofar as count V seeks damages for injury to personal property of plaintiff based on the alleged strict liability of defendant Gerdts, it does state a cause of action. Such damages are not barred by Moorman Manufacturing Co. v. National Tank Co. (1982), 91 Ill. 2d 69, 435 N.E.2d 443.
 

 In accord with the foregoing we therefore modify our previous opinion by reversing the judgment of the circuit court of Peoria County dismissing count V of the complaint and remand such count for further proceedings. In all other respects our opinion is affirmed as modified by this supplemental opinion and the petition for rehearing is denied.
 

 SCOTT and HEIPLE, JJ., concur.