**Martha McADAMS, Plaintiff,**

v.

**ELI LILLY AND COMPANY, a foreign corporation, Defendant.**

No. 77 C 4174.

United States District Court,
N.D. Illinois, E.D.

July 11, 1986.

**1174**

John M. Lamont, Thompson & Lamont and Reid, Ochsenschlager, Murphy & Hupp, Aurora, Ill., for plaintiff.

Richard C. Bartelt and Anne G. Kimball, Wildman, Harrold, Allen & Dixon, Chicago,

Ill., Lane D. Bauer and Patrick McLarney, Shook, Hardy & Bacon, Kansas City, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

DUFF, District Judge.

Plaintiff Martha McAdams alleges that her mother ingested diethylstilbestrol ("DES"), manufactured by the defendant Eli Lilly and Company ("Lilly"), while she was pregnant and that plaintiff was injured as a result. This matter is before the court on plaintiff's motion for reconsideration of Judge Marshall's December 14, 1983 ruling which granted defendant's motion in limine "to exclude evidence of the risk to plaintiff of invasive cancer, cancer in situ, dysplasia and other squamous cell problems."

In her motion, plaintiff relies in part on the deposition of Dr. Hillabrand, that was not available to Judge Marshall at the time of his ruling. According to Dr. Hillabrand, plaintiff's reproductive system is marked by anatomical deformities described as "vaginal hood" and "coxcomb cervix". The following labels have also been placed on plaintiff's condition: mosaicism, dysplasia, leukoplasia and adenosis.[1] In sum, plaintiff suffers a "premalignant disease" which will have to be carefully monitored. This disease may not develop any further or it could progress into cancerous stages.

Judge Marshall ruled that plaintiff would not be allowed to present evidence that women who were exposed to DES *in utero* are more likely to develop cancer. Judge Marshall found that the medical evidence of the increased risk of cancer to DES-exposed women did not establish a probability that plaintiff would develop cancer and that, under Illinois law applicable in this diversity action, plaintiff could not introduce evidence that there is a greater risk

---

1. According to the medical evidence, this condition is frequently misdiagnosed as cancer. In fact, in 1975 plaintiff was diagnosed as having cancer. Judge Marshall considered that Lilly was not responsible for this misdiagnosis. Yet, if Lilly is responsible for plaintiff's condition, and it was not unreasonable for her physician to diagnose that condition as cancer, then it would seem that Lilly would also be responsible for the anguish which that diagnosis may have produced. Since the parties have not yet argued this point, however, the court reserves ruling on the admissibility of the 1975 misdiagnosis of cancer.

that she will develop cancer as a result of her exposure to DES.

Since Judge Marshall's ruling, some courts have made the distinction between recovery for the increased likelihood of developing cancer in the future, and recovery for the fear of cancer which accompanies a present physical injury. These courts have admitted evidence of the increased risk of cancer to prove the reasonableness of plaintiff's fear. *Hagerty v. L. & L. Marine Services, Inc.,* 788 F.2d 315 (5th Cir.1986); *Wetherill v. University of Chicago,* 565 F.Supp. 1553 (N.D.Ill.1983).

No Illinois court, however, has decided whether a plaintiff with a physical injury may recover for the fear of cancer which accompanies that injury. Further, the boundaries of emotional distress law in Illinois are not clearly mapped. A thorough exploration of the territory is therefore necessary to determine how an Illinois court would rule on this issue.

Illinois courts have long struggled to establish a standard which allows recovery for a genuine emotional injury, but excludes frivolous claims based on "slight hurts which are the price of a complex society," *Knierim v. Izzo,* 22 Ill.2d 73, 85, 174 N.E.2d 157 (1961). The Illinois Supreme Court in 1872 upheld an instruction allowing damages for pain and suffering accompanying physical injury. The court stated:

> [W]e can not readily understand how there can be pain without mental suffering. It is a mental emotion arising from a physical injury. It is the mind that either feels or takes cognizance of physical pain, and hence there is mental anguish or suffering inseparable from bodily injury, unless the mind is overpowered and consciousness is destroyed. The mental anguish which would not be proper to be considered is where it is not connected with the bodily injury, but was caused by some mental conception not arising from the physical injury.

*The Indianapolis & St. Louis Railroad Company v. Stables,* 62 Ill. 313, 320–21 (1872).

In *Braun v. Craven,* 175 Ill. 401, 51 N.E. 657 (1898), the Illinois Supreme Court denied recovery where plaintiff did not suffer a direct physical injury, but sought compensation for the shock to her nervous system and physical injury caused by the defendant's verbal assault on her. The court concluded that the injury was not a foreseeable consequence of the defendant's conduct. The court analogized the case before it to a hypothetical in which a "nervous person" experienced shock and physical injury as a result of the blasting of a train whistle. In characterizing such an injury as too remote, the court recognized that damages should not be awarded for day-to-day assaults on the psyche.

Illinois courts have thus allowed recovery for mental suffering when it accompanies a direct physical injury, reasoning that the presence of a physical injury supports the genuineness of the claim for mental injury. In applying the physical impact rule, Illinois courts have gone beyond merely compensating the pain which is registered in the brain, as discussed in *Stables,* and allow recovery for mental anguish "related" to a bodily injury. In *Horan v. Klein's-Sheridan, Inc.,* 62 Ill.App.2d 455, 211 N.E.2d 116 (3d Dist.1965), plaintiff was burned and lost her hair when her hairdresser misapplied a permanent wave solution. The court allowed recovery for mental pain which was related to the physical injury, including recovery for plaintiff's marred physical appearance.

In 1961, the Illinois Supreme Court recognized an exception to the physical impact rule, and held that emotional distress damages are recoverable when the defendant's conduct is calculated to cause severe emotional distress to a person of ordinary sensibilities. *Knierim v. Izzo,* 22 Ill.2d 73, 174 N.E.2d 157 (1961). The court discussed critically the concerns that have been cited since *Braun* in limiting recovery for emotional distress: (1) mental disturbance cannot be measured in terms of money; (2) mental distress is too intangible for the law to deal with it; (3) mental consequences vary greatly with the individual; and (4) to

allow recovery for emotional distress would open the door to fictitious claims.

The court found that these concerns were, to a certain extent, unjustified since jurors are able to place monetary values on many of life's intangibles and can, using their own experiences and medical science, determine whether the defendant's conduct caused a severe emotional disturbance in the plaintiff. The court concluded, however, that the concerns did justify limiting emotional distress damages to those cases where plaintiff can establish that the defendant's conduct was outrageous. The court stated that:

> It has not been suggested that every emotional upset should constitute a basis of an action. Indiscriminate allowance of actions for mental anguish would encourage neurotic overreactions to trivial hurts, and the law should aim to toughen the psyche of the citizen rather than pamper it. But a line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility.

22 Ill.2d 73, 174 N.E.2d 157.

In drawing the line between slight hurts and severe mental disturbances, earlier courts found that the presence of a physical injury satisfied those concerns discussed in *Knierim*. The *Knierim* court also intended to keep frivolous claims from the jury and therefore limited recovery for emotional distress to intentional tort cases where the plaintiff can establish that the defendant's conduct was outrageous.[2]

In *Rickey v. C.T.A.*, 98 Ill.2d 546, 75 Ill.Dec. 211, 457 N.E.2d 1 (1983), the Illinois

Supreme Court again drew the line between slight hurts and serious mental injury, with an eye to the policies listed in *Knierim*. In *Rickey*, the court considered "whether a bystander who did not suffer physical injury or impact at the time of the occurrence may recover damages for emotional distress which resulted from witnessing an injury to his brother caused by the defendants' negligence." 98 Ill.2d at 549, 75 Ill.Dec. 211, 457 N.E.2d 1.

The eight-year-old plaintiff in *Rickey* was descending on a subway escalator with his five-year-old brother when part of his brother's clothing became entangled in the escalator and choked him, leaving him in a comatose condition. Plaintiff sought damages for the mental anguish and fear he suffered while watching his brother suffocate. Plaintiff did not sustain any physical injury and could not have recovered under the physical impact rule.

The Illinois appellate court refused to follow the physical impact requirement and instead applied the rule of *Dillon v. Legg*, 68 Cal.2d 728, 739, 69 Cal.Rptr. 72, 441 P.2d 912 (1968). The appellate court sustained a cause of action for emotional distress based on the three *Dillon* factors:

> First, the minor plaintiff was located near the scene of the accident. Second, his injuries allegedly resulted from a direct emotional impact caused by the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. Third, the plaintiff and victim were closely related.

*Rickey v. C.T.A.*, 101 Ill.App.3d 439, 442, 57 Ill.Dec. 46, 428 N.E.2d 596 (1st Dist.).[3]

---

2. In *Knierim*, the defendant threatened to murder the plaintiff's husband and carried out that threat.

3. The California Supreme Court has subsequently modified the *Dillon* rule and said that the test for emotional distress damages is whether such damages are reasonably forseeable. *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 167 Cal.Rptr. 831, 616 P.2d 813 (1980). In *Molien*, the court stated that the factors enunciated in *Dillon* were guidelines to be used in determining forseeability in bystander cases. The court

reasoned that it was inappropriate to apply these factors unless the plaintiff seeks recovery for the pain of witnessing injury to a third person. While California has been considered the pioneer in emotional distress law, the application of traditional tort principles of forseeability to the issue of emotional distress damages has an early precedent in Illinois. *See Braun v. Craven*, 175 Ill. 401, 51 N.E. 657 (1898), discussed *supra* at 4.

The Illinois Supreme Court considered this standard "too vaguely defined to serve as a yardstick for courts to apply, and one that is excessively broad in that it would permit recovery for emotional disturbance alone." In rejecting the *Dillon* rule, the Court cited the concerns set forth in *Knierim.*

The Illinois Supreme Court substituted the zone of physical danger rule. Under this rule, a bystander who has not suffered a direct physical injury may recover if he was "in such proximity to the accident in which the direct victim was physically injured that there was a high risk to him of physical impact." In addition, the bystander must show a physical injury or illness resulting from the emotional distress. 98 Ill.2d at 555, 75 Ill.Dec. 211, 457 N.E.2d 1.

It has been argued that the Illinois Supreme Court discarded the physical impact rule and intended the zone of danger rule to be applied in all cases where plaintiff seeks to recover for mental suffering. These arguments rely chiefly on a single word in the opinion: "substitute". In its ruling, the Court said "[T]he standard that we substitute for the one requiring contemporaneous physical injury or impact is the standard which has been adopted in the majority of jurisdictions where this question of recovery by a bystander for emotional distress has been examined. [citations omitted] That standard has been described as the zone-of-physical-danger rule." 98 Ill.2d at 546, 75 Ill.Dec. 211, 457 N.E.2d 1.

While the word "substitute" does suggest the replacement of the physical impact rule with the zone of danger rule, the opinion can be sensibly interpreted as intending that substitution only in bystander cases. The facts of *Rickey* are those of a typical bystander case and the court uses the word "bystander" throughout the opinion. In particular, the court expressly puts the issue and the holding in the context of bystander recovery. 98 Ill.2d at 549 and 555, 75 Ill.Dec. 211, 457 N.E.2d 1.

The court did criticize the "formal" application of the physical impact requirement as where it was satisfied by "a slight jolt or jar" or "dust in eye". In this discussion, however, the court does not say that the physical impact rule should never be considered. Rather the Court says that "the question of recovery for emotional distress caused by another's negligence should not be determined *solely* on whether there was a contemporaneous physical impact upon the plaintiff." 98 Ill.2d at 546, 75 Ill.Dec. 211, 457 N.E.2d 1. (Emphasis added.)

Thus, the *Rickey* opinion can be interpreted as aritculating a zone of danger exception to the physical impact requirement, which is applicable only when a plaintiff seeks recovery for the emotional distress caused by witnessing an injury to a third party. One panel of the Illinois appellate court has so characterized the ruling. In *Siemieniec v. Lutheran General Hospital*, 134 Ill.App.3d 823, 830, 89 Ill.Dec. 484, 480 N.E.2d 1227 (1st Dist.1985), appeal docketed, No. 62251 (Ill. argued May 22, 1986), the court described the *Rickey* ruling as follows:

[C]ase law historically has barred recovery for negligent infliction of emotional distress unless there was a contemporaneous physical impact or injury suffered by the plaintiff.... There is a limited exception to this 'impact rule' recently recognized by our Supreme Court ... wherein a bystander who is in a zone of physical danger and who, because of the defendant's negligence has unreasonable fear for his own safety is given a right of action for physical injury or illness resulting from emotional distress.

In *Lewis v. Westinghouse Electric Corp.*, 139 Ill.App.3d 634, 94 Ill.Dec. 194, 487 N.E.2d 1071 (1st Dist.1985), however, a separate panel of the Illinois appellate court interpreted *Rickey* as signaling the abandonment of the physical impact rule and the establishment of the zone of danger rule for all cases, even where the direct victim seeks emotional distress damages. Justice Linn in dissent, however, stated that the requirements of *Rickey* should be applied only in bystander cases.

In *Lewis,* as in other Illinois cases which appear at first blush to apply *Rickey* with a broad stroke,[4] there was no direct impact to the plaintiff's body. In these cases, the physical impact rule could not be satisfied and the issue for the court was whether the plaintiff fit within the bystander exception enunciated in *Rickey.*

The *Lewis* plaintiff was stuck in a stalled CHA elevator for forty minutes but no physical force was exerted on her. Being stuck in an elevator in 1983 is akin to being blasted by a train whistle in 1898—both fit the *Knierim* category of "slight hurts which are the price of a complex society."

Having considered a century of Illinois emotional distress law, this court must determine how an Illinois court would rule if it were to consider whether Mrs. McAdams should be allowed to present evidence of her fear of developing cancer. This court believes that an Illinois court would apply the physical impact rule and not the zone of danger exception because this is not a bystander case. The constant theme from *Braun* through *Rickey* and its progeny is that Illinois courts will compensate genuine mental suffering by applying a rule which also sifts out frivolous claims. If plaintiff establishes a physical injury caused by DES exposure, such a physical injury will sufficiently establish the genuineness of plaintiff's mental injury to allow a jury to consider compensating her for her reasonable fear of developing cancer.

■ It would be unreasonable for this court to ignore the logic of this position and blindly apply the zone of danger rule. The requirements of the *Rickey* zone of danger rule, fashioned for a bystander case, cannot be applied here without contortions. If Mrs. McAdams proves a reasonable fear of cancer which is causally linked to her mother's ingestion of DES, is she in the zone of danger now because she reasonably fears for her life? Must she show that she was in the zone of danger when she was in her mother's womb? Must she then establish a physical illness stemming from her fear of getting cancer, in addition to the physical injury already described? These questions illustrate the absurdity of applying the bystander rule to a case where the direct victim is seeking recovery for emotional distress which is reasonably related to a physical injury.

■ This court is convinced that an Illinois court would apply the physical impact rule and allow plaintiff to recover for mental suffering which accompanies her physical injury. Under the physical impact rule, plaintiff may recover for mental anguish related to a bodily injury. *Carlinville National Bank v. Rhoades,* 63 Ill.App.3d 502, 503, 20 Ill.Dec. 386, 380 N.E.2d 63 (4th Dist.1978); *Horan v. Klein's-Sheridan, Inc.,* 62 Ill.App.2d 455, 211 N.E.2d 116 (3d Dist.1965). If Mrs. McAdams can establish a bodily injury caused by her *in utero* exposure to DES, she should be allowed to ask the jury to compensate her for the emotional distress that is related to her physical condition.[5]

Judge Marshall's ruling is therefore modified to allow plaintiff to introduce evidence of the increased risk of cancer for the limited purpose of establishing a reasonable fear accompanying her present physical injury.

IT IS SO ORDERED.

---

4. *Goldberg v. Ruskin,* 128 Ill.App.3d 1029, 84 Ill.Dec. 1, 471 N.E.2d 530 (1st Dist.1984); *Rahn v. Gerdts,* 119 Ill.App.3d 781, 74 Ill.Dec. 378, 455 N.E.2d 807; and *Siemiemiec.*

5. For these reasons, *Woodill v. Parke Davis,* 58 Ill.App.3d 349, 15 Ill.Dec. 900, 374 N.E.2d 683 (1st Dist.1978), and *Rahn v. Gerdts,* 119 Ill. App.3d 781, 74 Ill.Dec. 378, 455 N.E.2d 807 (3d Dist.1983), rejecting a cause of action for emotional distress based on strict liability are inapplicable. In both cases the plaintiff did not sustain any physical injury. Here, if plaintiff recovers for her physical injury under strict products liability, she should also recover for the mental anguish which stems from that injury.