CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

### FIRST DISTRICT—MARCH TERM, 1898.

## West Chicago St. R. R. Co. v. Emma Liebig.

1. PERSONAL INJURIES—*No Recovery for Mere Fright.*—There can be no recovery for mere fright, unaccompanied with physical injury, although resulting finally in bodily ailments.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1898. Reversed. Opinion filed January 9, 1899.

ALEXANDER SULLIVAN, attorney for appellant; EDWARD J. McARDLE, of counsel.

The right of action for a tort is founded (1) on the invasion of some legal right, or (2) on the violation of some duty or obligation, due to the public generally or to the individual, productive of a legal damage to the plaintiff. In the first class of cases, proof of the existence of the legal right and of its invasion without proof of any actual loss or damage gives the action, while in the second, proof of facts establishing the duty and proof of its violation do not suffice. Proof of a damage—a legal damage—is essential. Broom's Com. L., Book III, Ch. 1.

A defendant is not liable in an action for physical or mental maladies or pains which are the results of fright in cases where there is no invasion of a legal right; a viola-

(567)

tion of a duty or obligation is not actionable without consequent legal damage. Gulf, C. & S. F. Ry. v. Trott, 86 Tex. 412; Renner v. Canfield, 36 Minn. 90; Haile v. T. & P. Ry. Co., 9 C. C. A. 134, 60 Fed. R. 557; Ewing v. P., C., C. & St. L. R. R. Co., 147 Pa. St. 40; Mitchell v. R. Ry. Co., 151 N. Y. 107; Victoria Ry. Com'r v. Coultas, L. R., 13 App. Cas. 222.

CASE & HOGAN, attorneys for appellee.

Whether or not the negligence of the defendant was the proximate cause of the injury is a question to be determined by the jury under proper instructions from the court. West Chicago St. R. R. Co. v. Feldstein, 169 Ill. 141.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment for $4,000, rendered in an action on the case for negligence, in which appellee was plaintiff and appellant defendant. Appellee was a passenger on a car of the appellant, the motive power of which was electricity. The negligence charged and the alleged result thereof are thus stated in the declaration:

"As said car was turning a certain curve at or near the point where Ashland avenue is intersected and crossed by said Clybourn place, said car started forward with a sudden jerk, so that the pole aforesaid running from said overhead wire or trolley wire to the car became detached or loosened from its fastening and fell with great force and violence to and upon the roof of said car and bounded from hence to the ground, by means of which premises the plaintiff was then and there greatly frightened, terrified, stunned and shocked; and she became and was sick, sore, lame and disordered, and so remained for a long space of time, and will for all time, as a direct result of the said injuries so occasioned as aforesaid, remain sick, sore, lame and disordered," etc.

Appellee testified that she was frightened, but that nothing was the matter with her immediately after the accident, except that she was in a weak and nervous condition, but that, in about two weeks after the accident, she began to have headache and pains in her back. She

describes other physical ailments occurring afterward, which she claims were the result of fright occasioned as alleged in her declaration. It is not claimed that the fright was accompanied by any physical injury, and the evidence is that it was not.

The question presented, namely, whether there can be a recovery for mere fright unaccompanied with physical injury, but resulting finally in bodily ailments, is fully discussed in the recent case of Braun v. Craven, 175 Ill. 401, and decided in the negative. That case is decisive of this.

The judgment will be reversed.