## Dominick Owens, Appellee, v. Chicago Telephone Company, Appellant.

### Gen. No. 15,059.

NEGLIGENCE—*physical contact essential to liability.* In an action to recover for personal injuries occasioned by the negligent insulation of electric wires with a consequent attraction of lightning, it is essential that the physical contact with the lightning, rather than mere shock as a result thereof, be shown to establish liability.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed. Opinion filed December 2, 1910. Rehearing denied December 16, 1910.

HOLT, WHEELER & SIDLEY, for appellants.

ALFRED T. JOHNSON and McGOORTY & POLLOCK, for appellee.

MR. PRESIDING JUSTICE MACK delivered the opinion of the court.

Appellee recovered a judgment of $2,600 for alleged permanent injuries sustained by him when three and a half years of age.

His mother with her four children, one younger and two older than plaintiff, were in a room of their home during a heavy thunder and lightning storm. A flash was seen, also some smoke. Plaintiff, who was on the floor, became unconscious, and a clock and looking-glass on the wall were broken.

We may assume for the purposes of this decision that by the negligence of defendant in leaving two wires one and one-half inches apart, without proper insulation or safety devices, after disconnecting a telephone instrument in the house, it facilitated electrical disturbances during the lightning storm and that thereby the lightning flash was produced. We may further assume that plaintiff has suffered from St. Vitus dance as the result of the day's occurrences.

But to render the defendant liable under the law of this State it is conceded that the burden is on the plaintiff to prove that the injury was produced by a shock due to the impact of some outside force and not to the shock of the nervous system caused solely by the fright or fear. In other words, plaintiff concedes that the burden is on him to show that he was struck by the lightning, not merely that a flash of lightning passing between the two telephone wires and out of the room frightened him into insensibility and consequent nervous disease. Braun v. Craven, 175 Ill. 401.

Whether under the given conditions the lightning, if in fact it came into the room through the defendant's wire, could have been diffused throughout the room and could therefore have struck plaintiff, or whether, entering through one wire it must have leaped directly over to the opposite wire, the end of which showed a slight fusing effect, was eminently a question to be decided by scientific inquiry and evidence. Only one expert witness was produced to testify on this point. His qualifications are clear, his lack of interest is shown, and there is no reason, presented in this record, to doubt either his ability or his truthfulness. He testifies clearly and unequivocally that under the conditions presented by the evidence the lightning, if thus introduced (and if not so introduced defendant would not be liable at all) could not have diffused itself through the room so as to strike the boy, but that, on the contrary, it must have leaped directly from the end of the one to the end of the other wire and then passed out again; that the flash was produced by the leaping from wire to wire and the smoke by the fusing of the end of the wire.

Under this evidence it was impossible for the lightning, if introduced over defendant's wires, to have caused the break in the clock and the mirror. The fact that they were broken at this time may be explained by the jar to the house itself caused either by the same or some other stroke of lightning. It cannot, how-

ever, particularly when coupled with the fact that no marks or bruises were at any time observable on plaintiff, justify the jury, in view of the uncontradicted expert evidence on a technical scientific proposition, in finding for the plaintiff. His injuries if they in fact were caused at this time, were due not to the shock of a lightning stroke but to the fear produced in him when he observed the flash of lightning.

The judgment must therefore be reversed with a finding that defendant is not guilty.

*Reversed.*