CENTRAL NATIONAL BANK IN CHICAGO, Plaintiff-Appellee, *v.* ALEXANDER MARKETING, INC., *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 76-625

Opinion filed March 16, 1977.

Heidelberger, Leibsker & Gallagher, of Chicago (Edward N. Morris, of counsel), for appellants.

Ashcraft & Ashcraft, of Chicago (Thomas C. Berg, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

The complaint filed by Central National Bank in Chicago alleged that the defendants, Alexander Marketing, Inc., and its principal shareholder and president, Ron Alexander, owed the bank $30,000 plus interest. The defendants acknowledged this indebtedness, but counterclaimed, alleging that the plaintiff owed them approximately $150,000 as compensation for actual and projected real estate sales made by the defendants for the benefit of the bank. Plaintiff's motions for summary judgment on the counterclaim as well as on the complaint were granted.

The heart of this case is the circuit court judge's ruling on the counterclaim. The sole issue before this court is whether, as a matter of law, the defendants were precluded from recovering compensation for their actual and projected real estate sales because they were not licensed real estate brokers or salesmen.

■■ A motion for summary judgment should be granted if the pleadings and evidence on file reveal that there is no genuine issue on any material fact, and that the moving party is entitled to a judgment or decree as a matter of law. Ill. Rev. Stat. 1975, ch. 110, par. 57(3); *Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 349 N.E.2d 1; *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497.

Section 7 of the Illinois Real Estate Brokers and Salesmen License Act provides:

> "No action or suit shall be instituted, nor recovery therein be had, in any court of this State by any person, copartnership, association, or corporation for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this Act to other then registered real estate brokers or real estate salesmen unless such person, copartnership, association, or corporation was duly registered hereunder as a real estate broker or real estate salesman prior to the time of offering to perform any such act or service or procuring any promise or contract for the payment of compensation for any such contemplated act or service." (Ill. Rev. Stat. 1975, ch. 114½, par. 107.)

The record does not contain, and the briefs do not point to, any evidence that Ron Alexander possessed an individual, or Alexander Marketing, Inc., possessed a corporate real estate license at any time pertinent to this case.

The only exceptions to section 7 which might be relevant to the counterclaim appear in section 6:

> "The provisions of this Act shall not apply to any person, association, copartnership or corporation who as *owner or lessor* shall perform any of the acts aforesaid with reference to property owned or leased by them, *or to the regular salaried employees thereof*, with respect to the property so owned or leased, where such acts are performed in the regular course of, or as an incident to, the management of such property and the investment therein, and not in connection with a whole or partial vocation of selling or offering to sell, buying or offering to buy, or negotiating the purchase or sale or exchange of real estate, or the leasing or offering to lease, or renting or offering for rent of any real estate, or the negotiation of leases therefor or of the improvements thereon." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 114½, par. 106.)

There is no evidence that the defendants owned or leased the real estate in question, or that they were "regular salaried employees" of the owner or lessor; in fact, the evidence is to the contrary.

The Illinois Real Estate Brokers and Salesmen Act attempts to protect

the public by evaluating the competence of persons or legal entities in the real estate business through an examination and licensing system. It enforces this system, in part, by prohibiting unlicensed persons acting as brokers and salesmen from collecting compensation for any services they may render. If anyone dealing in real estate transactions was legally entitled to be paid for such services regardless of whether he was properly licensed and registered, the regulation of real estate brokers and salesmen would become meaningless.

■■ Because the defendants were not registered as real estate salesmen or brokers, and did not qualify under the statutory classifications which would have exempted them from the registration requirements, they were not, as a matter of law, entitled to compensation for their services.

Judgment affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.