GEORGE MOSKOS, d/b/a G & O Grocerland, *et al.*, Plaintiffs-Appellants, *v.* NATIONAL BEN FRANKLIN INSURANCE COMPANY OF ILLINOIS *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 76-1666

Opinion filed May 10, 1978.

Rabens, Formusa & Glassman, of Chicago, for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (James T. Ferrini and Frank L. Schneider, of counsel), for appellees.

Mr. JUSTICE SIMON delivered the opinion of the court:

At issue here is whether the trial court correctly entered a summary judgment for the defendant insurance companies, denying the claim of the insured plaintiff, George Moskos, for damages caused by the defendants' alleged bad faith denial of liability on the plaintiff's insurance policies.

On March 19, 1972, a fire occurred at the plaintiff's store on North Clark Street in Chicago. After the defendants failed to pay the plaintiff their alleged obligations on insurance policies issued by them, the plaintiff filed a three-count complaint on February 7, 1973.

The first two counts sought recovery under the terms of the insurance policies for loss and damage caused by the fire against, respectively, the plaintiff's seven contents insurers and his three business-interruption insurers. The third count sought damages proximately caused by the defendants' arbitrary, willful and fraudulent refusal to pay the plaintiff under the provisions of the policies. In response, the defendants alleged that the plaintiff wilfully and maliciously caused the fire to collect on the insurance policies and so defraud the defendants.

The trial judge severed the third count of the plaintiff's complaint and reserved it for trial after the other issues were decided. The jury found for the plaintiff on count I, awarding him $130,000 in damages on his contents claim against the seven contents insurers. The jury assessed no damages, however, against the other three insurers on count II for the plaintiff's business-interruption losses. All the defendants then moved for a summary judgment on the third count, and it is with the disposition of the third count that this appeal is concerned.

In support of the motion for summary judgment, the affidavit of John P. Gorman, the attorney for both the contents and business-interruption insurers, was introduced into evidence. In his affidavit, which was uncontroverted by the plaintiff, Gorman averred that shortly after he received his assignment he became aware that there were apparently separate fires, with the presence of accelerants, discovered shortly after the plaintiff locked up his building and left for the evening. However, Gorman was not aware that the plaintiff had any financial incentive to set the fires, nor was he aware of any other defenses available to the companies under their respective insurance policies which might obviate the necessity for an arson defense. Gorman said he conducted examinations under oath of the plaintiff in connection with the claim. During such examinations Irving Drobny, an attorney at law, represented George Moskos and participated in such examinations.

Both before and after the examinations under oath, Gorman talked to Drobny about various aspects of the case. Drobny indicated on several

occasions that he was aware the insurance companies believed or suspected that the plaintiff had set fire to his property. In the course of the discussions, Drobny sent a letter to Gorman, in which he repeated the statement and claimed that his client was not involved in setting fire to his business. A copy of that letter was attached to the affidavit.

Gorman also stated that in the discussions following the examination, Drobny and he discussed the fact that the physical evidence tended to point to the plaintiff, but that the plaintiff and his witnesses testified that the plaintiff had no reason for burning his business. In the course of these discussions, Drobny said that his client would take a lie detector test to show that he was not involved in setting fire to his property. Although he recognized that the results of the lie detector test would not be admissible in any suit upon the policy, Gorman agreed to such a test and arranged to have the plaintiff present himself at the offices of a nationally known laboratory. In advance of the test, Gorman furnished Drobny with copies of the questions to be asked.

After the examination, Gorman was informed that the plaintiff had intentionally engaged in erratic breathing and moved and otherwise acted against the express instructions of the person giving the test, so that the tester was unable to secure readings to determine whether Moskos was telling the truth when he denied involvement in setting the fire. The tester also reported that in his opinion, such acts were generally conducted when a subject wished to prevent the tester from discovering that the subject was not telling the truth. These facts were promptly reported to Drobny, who could give no explanation why his client had acted in such a manner during the test. Following that date, Gorman recommended that the defendants deny liability to the plaintiff, and after his recommendation was approved by the insurers, Gorman wrote the formal denial of liability.

Gorman also stated in his affidavit that at trial he was informed the plaintiff's profit statement was actually prepared after the fire loss, rather than before, contrary to the statements made by the accountant and the public adjuster at examination under oath, in the presence of the plaintiff. Gorman said that at trial the plaintiff and his accountant acknowledged that the plaintiff was cheating the State government by paying only a small portion of the actual sales taxes which were due, contrary to the information furnished to Gorman. The affidavit also set forth that the fire and police departments made investigations and failed to find any basis for charging a criminal act against the plaintiff, and that although a fire investigator claimed he determined that there were no suspicious circumstances, the report the investigator made showed that he was unable to make a close investigation of the fire because of the collapse of the roof.

Finally, Gorman swore that he believed that the defendant insurance companies had just cause for their denial of liability and that their acts were conducted to make a just disposition of the claim, and not to injure the plaintiff.

After the trial judge examined the affidavits and exhibits and heard the arguments of both parties, he granted the defendant's motion for summary judgment on the third count, and later denied the plaintiff's motion for reconsideration of the summary judgment.

In this appeal, which concerns only the order granting the defendants' motion for summary judgment on the third count, the plaintiff contends that the circuit court erred in allowing the motion (i) because affidavits presented below created an issue of material fact regarding the defendants' alleged lack of good faith in dealing with the plaintiff, and (ii) the results of a lie detector test given the plaintiff should not have been considered as evidence on the issue of the defendants' lack of good faith. We find these contentions unpersuasive and affirm the judgment of the circuit court.

First, we agree with the trial judge's conclusion that the affidavits presented as evidence did not raise an issue of material fact regarding the defendants' alleged lack of good faith with respect to the plaintiff's claims.

We examine first the claim against the contents insurers. The record establishes, both by the affidavit of John Gorman and by his testimony under oath at the trial upon the first two counts, that the insurers had reason to deny the plaintiff's claim. Gorman's affidavit establishes, and the plaintiff does not deny, that there were separate fires, accelerants were used, the fire was incendiary in origin, the premises had been locked up by the plaintiff, the fire was discovered shortly after the plaintiff had left the premises, and the plaintiff had a profit motive to set the fire.

These defendants did not deny the plaintiff's claim until it was first established that the plaintiff may have been responsible for the fire, and had a motive for arson. And it was later established at trial that a statement showing the plaintiff's business was profitable had, contrary to the plaintiff's representations, been prepared after rather than before the loss. The evidence at trial also demonstrated that if the plaintiff's business was profitable, this was apparently attributable to his practice of underpaying State sales taxes. Finally, the plaintiff's tactics in the course of the lie detector test supported the defendants' decision.

■■ Under the circumstances, although the trial jury chose to disbelieve the defendants' contention that the plaintiff committed arson, we cannot say that there is any material issue of fact as to whether the defendants did not act in good faith in refusing liability and in raising that defense.

■■ Regarding his claim on count III against the three business-

interruption insurers, the plaintiff cannot properly argue that these defendants acted in bad faith, since the jury found that they owed the plaintiff no damages on their contracts with him. Because the jury decided that these defendants did not breach their contract with the plaintiff, the plaintiff can hardly contend that these defendants acted in bad faith in relying on a defense which ultimately prevailed at trial.

■■  The plaintiff's second argument, that the circuit court erred in considering the results of the lie detector test taken by the plaintiff, lacks merit. Although a polygraph examination clearly may not be introduced as evidence of an accused's guilt or innocence (*People v. Sanders* (1974), 56 Ill. 2d 241, 306 N.E.2d 865; *People v. Nicholls* (1970), 44 Ill. 2d 533, 256 N.E.2d 818), the plaintiff here was the complainant in a civil case, not an accused in a criminal proceeding. And the trial judge considered the results of the lie detector test not on the validity of the plaintiff's claim, but only on the issue of the defendants' good faith in refusing to honor the plaintiff's claim because of his alleged arson. Thus, the results of the examination were presented to the circuit court, not on the issue of the plaintiff's responsibility for the fire, but on the question of the defendants' state of mind—that is, on whether the defendants, upon consideration of the results of that test, had a reasonable basis for concluding that the plaintiff was the arsonist. Whether the defendants were correct or incorrect, and whether the test results were accurate or inaccurate is irrelevant. The point is that the polygraph evidence was relevant only to establish that the defendants did not act in bad faith in contending that the plaintiff committed arson. Accordingly, it was not error to consider this evidence in passing upon the motion for summary judgment. See *Chambliss v. Board of Fire & Police Commissioners* (1974), 20 Ill. App. 3d 24, 312 N.E.2d 842; *State v. Dorsey* (1975), 88 N.M. 184, 539 P.2d 204.

■■  A motion for summary judgment should be granted if the pleadings and evidence on file reveal that there is no genuine issue on any material fact, and that the moving party is entitled to a judgment or decree as a matter of law. Here, the trial judge did not err in concluding that, as a matter of law, the defendants did not act in bad faith in contesting their liability on the plaintiff's insurance policies. *Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 349 N.E.2d 1; *Central National Bank v. Alexander Marketing, Inc.* (1977), 47 Ill. App. 3d 58, 361 N.E.2d 766; Ill. Rev. Stat. 1975, ch. 110, par. 57(3).

Judgment affirmed.

JIGANTI, P. J., and McGILLICUDDY, J., concur.