PEGGY J. CUTRIGHT, Plaintiff-Appellant, *v.* THE CITY NATIONAL BANK OF KANKAKEE, Trustee, *et al.*, Defendants-Appellees.

Third District    No. 79-983

Opinion filed September 19, 1980.

Daniel J. Kallan, of Joliet, for appellant.

James E. Garrison and William V. Kozol, both of O'Brien & Garrison, Ltd., of Joliet, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Peggy Cutright filed a complaint against defendants City National Bank of Kankakee (bank) and The Klafter Agency (Klafter), seeking damages for negligent infliction of emotional distress. Plaintiff appeals from an order granting defendants' motion for summary judgment.

At the outset we note that a motion for summary judgment should be granted if the pleadings and evidence on file reveal no genuine issue on any material fact so that the moving party is entitled to judgment as a matter of law. (*Moskos v. National Ben Franklin Insurance Co.* (1978), 60 Ill. App. 3d 130, 376 N.E.2d 388; Ill. Rev. Stat. 1979, ch. 110, par. 57(3).) In the instant case the material facts are not in dispute.

Defendant bank owned a leasehold of the Morris Building in Joliet, Illinois, and defendant Klafter was allegedly the bank's agent for purposes of the building's management. The allegations of negligence involve the maintenance of an elevator in the building.

According to plaintiff's deposition, on August 28, 1978, she entered the Morris Building on her way to work. She entered an elevator and pushed the button for the fourth floor. She realized she was going down instead of

up when the "B" light came on. The descent of the elevator was smooth. When it stopped, water began pouring in near the bottom of the door. (She later determined that the elevator had come to rest about 8 inches below the basement floor.)

While the water poured in, the fan and electric light in the elevator stayed on, and plaintiff became frantic at the thought of being electrocuted. She was also afraid that she would drown in the elevator. She pushed the button for the first floor, but the elevator did not respond. She pushed the emergency button, and a buzzer began to sound. She tried to open the elevator door without success. Then she hit the electrical panel several times with her fist. Eventually, the water stopped pouring in after it reached plaintiff's knees. She began screaming and finally heard someone talking on the other side of the door. Over an hour after she entered the elevator, the fire department got the door open. At this point plaintiff was near hysteria, and her hand was bruised from hitting the electrical panel.

Four or five days passed before plaintiff was able to discuss the incident without crying. She had difficulty sleeping at night if she discussed the incident during the day, and she has been afraid to go into elevators alone. She has undergone psychological treatment for these problems.

In granting defendants' motion for summary judgment, the trial court relied on what has been described as "the well-established Illinois view [which denies] recovery for negligently inflicted mental distress unless it arises from and is directly connected with some contemporaneous physical injury." (*Carlinville National Bank v. Rhoads* (1978), 63 Ill. App. 3d 502, 505, 380 N.E.2d 63, 66.) Plaintiff effectively concedes that the above rule of law, referred to by the parties as the impact or injury rule, would preclude recovery in this case. Moreover, both sides to this controversy agree that the appellate courts of Illinois have applied that rule since our supreme court's decision in *Braun v. Craven* (1898), 175 Ill. 401, 51 N.E. 657. (See *West Chicago St. R.R. Co. v. Liebig* (1899), 79 Ill. App. 567; *Owens v. Chicago Telephone Co.* (1910), 159 Ill. App. 80; *Benza v. Shulman Air Freight* (1977), 46 Ill. App. 3d 521, 361 N.E.2d 91.) Plaintiff, however, contends that this rule resulted from a misunderstanding of *Braun*.

According to plaintiff, *Braun* did not establish the impact or injury rule, but merely stood for the proposition that a plaintiff may only recover for injuries which were the reasonably foreseeable result of the defendant's negligence. Plaintiff contends that she should be given the opportunity to prove that her emotional difficulties were reasonably foreseeable.

■■ Even if we agreed that the impact or injury rule resulted from a misunderstanding of *Braun*, we would be hesitant to overrule over 80 years of appellate decisions applying the "injury rule." Moreover, we believe *Braun* did, in fact, adopt that rule as the law in Illinois.

In *Braun*, which was a common law tort action on the case, the plaintiff

lived in a house with her sister who leased the premises from the defendant landlord. While the tenants were in the process of moving out of the house, the defendant, who claimed that rent was still owed, walked into the house without knocking, went to the plaintiff's room, and yelled at her while swinging his arms about. In a jury trial, the plaintiff was found to have developed a condition of chorea, or St. Vitus Dance, as a result of the excitement and fright caused by the landlord's actions. The supreme court reversed an award for the plaintiff. In so doing, as the instant plaintiff contends, the court discussed the concept of reasonable foreseeability. The court went on to conclude in unambiguous language:

> "Terror or fright, even if it results in a nervous shock which constitutes a physical injury, does not create a liability.
>
> On the ground of public policy alone, having reference to the dangerous use to be made of such cause of action, we hold that a liability cannot exist consequent on mere fright or terror which superinduces nervous shock." 175 Ill. 401, 420.

Although the Illinois Supreme Court has subsequently recognized the tort of intentional infliction of emotional distress (See *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 360 N.E.2d 765), it has not overruled the impact or injury rule which applies in negligence cases.

Plaintiff contends that the reasons which led to the adoption of the rule; *e.g.*, the danger of fraudulent claims, the difficulty of proving a causal connection between the injury and the negligence, and concern over the amount of litigation that would result without the rule, no longer justify its continued existence. Advances in medical science are said to have rendered the rule obsolete. Plaintiff cites numerous cases from other jurisdictions in which the impact or injury rule was abandoned.

Although the rule seems inequitable and may not reflect sound public policy, that question is for the supreme court since we are bound by its decision in *Braun. Carlinville National Bank.*

For the reasons stated, the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.