ARTHUR SENDERS T/A VIKING HOUSE, VIKING HOUSE II, AND VIKING NAUTICAL, INC., PLAINTIFF, v. CNA INSURANCE COMPANIES, DEFENDANT.

Superior Court of New Jersey
Law Division Somerset County

Decided March 6, 1986.

*Bruce A. Blumberg,* for plaintiff (*Blumberg and Rosenberg,* attorneys).

*Mauro C. Casci,* for defendant (*Methfessel and Werbel,* attorneys).

ARNOLD, J.S.C.

The issue raised by the plaintiff's offer of proof is whether evidence that the plaintiff offered to take a polygraph examination is admissible to prove a material fact not in dispute. This issue is a novel one in the context of a civil action in the reported decisions in this State.

On July 27, 1983, the plaintiff's furniture store on Route 202 in Branchburg Township was destroyed by fire. Police investigation revealed that the fire was the result of arson. Plaintiff brought suit against CNA Insurance ("CNA") alleging that

CNA failed to pay plaintiff all sums to which he was entitled pursuant to business interruption insurance issued to him by CNA. CNA concedes that plaintiff was not involved in the arson but has counterclaimed alleging that plaintiff made material misrepresentations to CNA rendering the policy void *ab initio* so that CNA is entitled to the return of approximately $296,000 already paid for property damage, contents loss, and business interruption loss.

Plaintiff seeks to introduce evidence that he volunteered to take and passed a polygraph examination during the police investigation of the fire. CNA, while conceding that plaintiff was not involved in the arson, objects to the introduction of this evidence solely on the ground that evidence relating to the subject of polygraph examinations is inadmissible in the State of New Jersey. *State v. McDavitt*, 62 *N.J.* 36 (1972); *State v. Kavanaugh*, 52 *N.J.* 7 (1968), *cert. den. sub. nom. Matzner v. New Jersey*, 393 *U.S.* 924, 89 *S.Ct.* 254, 21 *L.Ed.*2d 259 (1968); *State v. Driver*, 38 *N.J.* 255 (1962); *State v. Walker*, 37 *N.J.* 208 (1962), *cert. den.* 371 *U.S.* 850, 83 *S.Ct.* 89, 9 *L.Ed.*2d 86 (1962); *State v. Arnwine*, 67 *N.J.Super.* 483 (App.Div.1961). Plaintiff urges this Court to admit the evidence, arguing that there is no reported decision in a civil action barring its introduction.

Polygraph test results are not admissible in evidence because they have not yet attained scientific acceptance as a reliable and accurate means of ascertaining truth or deception. *State v. McDavitt*, 62 *N.J.* at 44. As a result, evidence of a defendant's willingness to take a polygraph test is also inadmissible. *State v. LaRocca*, 81 *N.J.Super.* 40, 47 (App.Div.1963). Although there are few reported decisions involving the admissibility of polygraph evidence in a civil suit, almost all courts that have considered the question have held that the results of a polygraph test or the refusal to take a polygraph test are not admissible in evidence. *Aetna Insurance Company v. Barnett Brothers, Inc.*, 289 *F.*2d 30 (8th Cir.1961); *Godwin v. Farmers*

*Insurance Company of America*, 129 *Ariz.* 416, 631 *P.*2d 571 (Ct.App.1981); *Lynch v. Mid-America Fire and Marine Insurance Co.*, 94 *Ill.App.*3d 21, 49 *Ill.Dec.* 567, 418 *N.E.*2d 421 (App.Ct.1981); *Stone v. Earp*, 331 *Mich.* 606, 50 *N.W.*2d 172 (1951); *Powers v. Carvalho*, 109 *R.I.* 120, 281 *A.*2d 298 (1971); *Cravens v. Cravens*, 533 *S.W.*2d 372 (Tex.Civ.App.1976); *Central Mutual Insurance Co. v. D. & B. Inc.*, 340 *S.W.*2d 525 (Tex.Civ.App.1960). *But see Moskos v. National Ben Franklin Insurance Co.*, 60 *Ill.App.*3d 130, 17 *Ill.Dec.* 389, 376 *N.E.*2d 388 (App.Ct.1978). Thus, generally speaking, any evidence relating to willingness or refusal to take a polygraph examination or polygraph examination test results is inadmissible in the absence of a stipulation of admissibility. *State v. McDavitt*, 62 *N.J.* at 46.

██ In this case, however, the defense concedes that the plaintiff is not responsible in any way for the fire which destroyed the premises. However, that concession has not yet been stated in the presence of the jury. Furthermore, the plaintiff has been extensively cross-examined by defense counsel with a view toward showing that he made substantial material misrepresentations to the insurance company. Thus, although the Court has been clearly advised that the defendant does not assert that the plaintiff is responsible for the arson, that assertion has not, as yet, been made known to the jury and has been left to be inferred. If the plaintiff were in any way responsible, that would constitute a defense to CNA under the policy. Thus, whether the plaintiff was involved in the arson is now a material fact.

*Evid.R.* 3 provides that if there is no bona fide dispute between the parties in a civil proceeding as to a material fact, such fact may be proved by any relevant evidence, and exclusionary rules shall not apply. The proffered evidence has a tendency in reason to prove that the plaintiff was not involved in the arson. It is therefore relevant and, under this set of circumstances, admissible pursuant to that rule.