JAMES L. KAPLAN *et al.*, d/b/a Firehouse Building Ventures, Plaintiffs-Appellants, v. TABB ASSOCIATES, INC., Defendant-Appellee.

First District (4th Division)    No. 1—94—1882

Opinion filed November 2, 1995.—Rehearing denied December 8, 1995.

Werner Sabo, of Sabo & Zahn, of Chicago, for appellants.

Nicholis J. Stein, of Chicago, for appellee.

JUSTICE THEIS delivered the opinion of the court:

This appeal arises out of an action filed by the plaintiffs, James L. Kaplan and Sheldon Sorosky, doing business as Firehouse Building Ventures (Owners), against the defendant, Tabb Associates, Inc. (Tabb, Inc.), to enjoin arbitration between them and to have the parties' contract declared void due to the failure of Tabb, Inc., to be licensed under the Illinois Architecture Practice Act of 1989 (Act) (225 ILCS 305/21 (West 1992)). Tabb, Inc., filed a motion for summary judgment. The circuit court granted the motion, finding that the purpose of the Act had been fulfilled because the sole owner of the corporation, Gregory A. Tabb, was a licensed architect. The

plaintiffs now appeal, arguing that the defendant provided architectural services in violation of the clear and unambiguous language of the Act because it failed to obtain a license from the Department of Professional Regulation, thereby rendering the contract void. We agree and hold that the language of the Act is mandatory because it carries a criminal penalty for noncompliance. As such, Tabb, Inc., may not enforce the contract at issue. Therefore, we reverse the judgment and remand the case for proceedings consistent with this opinion.

The plaintiffs and Tabb, Inc., entered into a "Standard Form of Agreement Between Owner and Architect" (Agreement) on April 1, 1993. The plaintiffs hired Tabb, Inc., to renovate an old firehouse in Chicago to serve as the plaintiffs' law office. Tabb, Inc., served as the architectural and construction manager on the project until the parties had a disagreement. The plaintiffs then terminated Tabb, Inc., which in turn initiated arbitration against the plaintiffs pursuant to an arbitration clause in the Agreement.

It is undisputed that Tabb, Inc., is an Illinois corporation engaged in the practice of architecture. Tabb, Inc., concedes that it was not licensed pursuant to the Act at any time relevant to this case. However, Tabb's sole owner, Gregory Tabb, who oversaw the project and drawings for the plaintiffs, had been a licensed architect in Illinois since 1980.

■ The sole question on review is whether a corporation engaged in the practice of architecture can enforce a contract for architectural services when it is not licensed as required by the Illinois Architecture Practice Act of 1989. Section 21 of the Act provides in relevant part:

"Any corporation not formed under the provisions of the Professional Service Corporation Act and not licensed as such with the Department, and which includes the practice of architecture within its stated purposes, practices, or holds itself out as available to practice architecture, shall obtain a license from the Department under this Section.

\* \* \*

(c) No corporation or partnership shall practice or hold itself out as available to practice architecture until it is licensed with the Department." 225 ILCS 305/21 (West 1992).

The defendant contends that the plaintiffs improperly emphasize form over substance. The defendant further claims that it substantially complied with the terms of the Act because Gregory Tabb, a licensed architect and sole owner of Tabb, Inc., managed all of the architectural work for the plaintiffs. As such, the defendant urges this court to find the contract valid and uphold the trial court's order entering summary judgment in its favor.

■ In order to address the parties' contentions, we turn to basic principles of statutory construction to determine whether section 21 of the Act is mandatory or directory. There is no universal formula for differentiating between mandatory and directive statutes. (*Cooper v. Department of Children & Family Services* (1992), 234 Ill. App. 3d 474, 599 N.E.2d 537.) Rather, courts must look to the intent of the legislature, "which is ascertained by examining the nature and object of the statute and the consequences which would result from any given construction." *Cooper*, 234 Ill. App. 3d at 481, 599 N.E.2d at 542; see also *Pullen v. Mulligan* (1990), 138 Ill. 2d 21, 46, 561 N.E.2d 585, 595.

■ The Illinois General Assembly has declared that the practice of architecture affects the public health, safety and welfare and is subject to regulation and control in the public interest. (225 ILCS 305/2 (West 1992).) Section 2 of the Act indicates that it shall be liberally construed to best carry out the outlined subjects and purposes. 225 ILCS 305/2 (West 1992).

"[A] liberal construction is ordinarily one which makes a statute apply to more things or in more situations than would be the case under a strict construction." (3 N. Singer, Sutherland on Statutory Construction § 58.02, at 72 (5th ed. 1992).) When public safety legislation is at issue, courts must adopt a liberal construction in order to afford broad protection to those the statute was designed to protect. 3 N. Singer, Sutherland on Statutory Construction § 58.04, at 80 (5th ed. 1992); *Dodson v. Shaw* (1983), 113 Ill. App. 3d 1063, 448 N.E.2d 188; *Kreke v. Caldwell Engineering Co.* (1982), 105 Ill. App. 3d 213, 433 N.E.2d 1337.

Additionally, "the language of the statute is often the most reliable evidence of the legislature's intent." (*Pullen*, 138 Ill. 2d at 46, 561 N.E.2d at 595.) Here, the Act requires that an entity engaged in the business of providing architectural services "shall obtain a license." Usually, the word "shall" indicates a legislative intent to make a law or provision mandatory (*Puss N Boots, Inc. v. Mayor's License Comm'n* (1992), 232 Ill. App. 3d 984, 597 N.E.2d 650), and it should be construed as such. (*Ferguson v. Ryan* (1993), 251 Ill. App. 3d 1042, 623 N.E.2d 1004.) The word "shall" should be considered to be permissive only if it is evident from the context of the statute or the clear intent of the drafters that it is permissive. *Rochelle Disposal Service, Inc. v. Pollution Control Board* (1994), 266 Ill. App. 3d 192, 201, 639 N.E.2d 988, 993-94.

Furthermore, when a statute prescribes what consequences follow from a failure to comply with its terms, it is mandatory and must be obeyed. (3 N. Singer, Sutherland on Statutory Construction

§ 57.03, at 8 (5th ed. 1992).) " 'Where the terms of a statute are peremptory and exclusive, where no discretion is reposed or where penalties are provided for its violation, the provisions of the act must be regarded as mandatory.' " *Tuthill v. Rendelman* (1944), 387 Ill. 321, 350, 56 N.E.2d 375, 390, quoting *Clark v. Quick* (1941), 377 Ill. 424, 430, 36 N.E.2d 563, 566; see generally *Pullen*, 138 Ill. 2d 21, 561 N.E.2d 585; *Ferguson*, 251 Ill. App. 3d 1042, 623 N.E.2d 1004.

Section 36 of the Act contains a specific penalty for a violation of its licensing provisions. Section 36 provides in relevant part:

"Violations. Each of the following Acts constitutes a Class A misdemeanor for the first offense and a Class 4 felony for a second or subsequent offense:

(a) the practice, attempt to practice or offer to practice architecture, or the advertising or putting out of any sign or card or other device which might indicate to the public that the person is entitled to practice as an architect, without a license as a licensed architect, architectural corporation or partnership issued by the Department. ***

* * *

(d) the violation of any provision of this Act or its rules." 225 ILCS 305/36 (West 1992).

■ The language of the Act taken with the consequences prescribed for a violation of its provisions indicate that we must construe the Act as mandatory. Therefore, Tabb, Inc., clearly violated the Act by failing to obtain a license to provide architectural services. This construction further is supported by the General Assembly's express declaration that the Act is to be liberally construed. Under a liberal construction of the Act we must find that the Act applies to a broader range of situations, rather than a more narrow one. As such, it is not sufficient that Gregory Tabb was a licensed architect. Rather, Tabb, Inc., had an obligation to obtain a license to provide architectural services as a corporation. Any other holding in the present case would diminish the public policy behind the Act.

■ Next, we must determine whether the defendant's violation of this mandatory licensing provision renders the Agreement void. The plaintiffs maintain that *Ransburg v. Haase* (1992), 224 Ill. App. 3d 681, 586 N.E.2d 1295, controls this issue. In *Ransburg*, the court held a contract unenforceable where the defendant was not a licensed architect in Illinois or anywhere else but represented himself as such and performed architectural services pursuant to a contract. The court in *Ransburg* reasoned:

"As a general rule, courts will not enforce a contract involving a party who does not have a license called for by legislation that

expressly prohibits the carrying on of the particular activity without a license where the legislation was enacted for the protection of the public, not as a revenue measure. (51 Am. Jur. 2d *Licenses and Permits* § 66 (1970).)" (*Ransburg,* 224 Ill. App. 3d at 684-85, 586 N.E.2d at 1297-98.)

We determine that *Ransburg* applies to the present case. (See also *Tovar v. Paxton Community Memorial Hospital* (1975), 29 Ill. App. 3d 218, 330 N.E.2d 247 (unlicensed doctor barred from maintaining an action for breach of an employment contract); *White v. Chicago Title & Trust Co.* (1981), 99 Ill. App. 3d 323, 425 N.E.2d 1017 (real estate broker denied commission because certificate of registration was not transferred from the real estate agent).) Therefore, the Agreement between the plaintiffs and the defendant, including the arbitration clause, is void because the defendant failed to obtain a license to provide architectural services. The trial court's order granting summary judgment in favor of the defendant is reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded.

CAHILL and S. O'BRIEN, JJ., concur.