RICKY JENKINS, Plaintiff-Appellant, v. CONCORDE ACCEPTANCE CORPORATION, Defendant-Appellee.—DAVID W. ANDERSON, Plaintiff-Appellant, v. AMERICAN FIDELITY MORTGAGE SERVICES, INC., Defendant-Appellee.—RICHARD WALEGA *et al.*, Plaintiffs-Appellants, v. COUNTRYWIDE HOME LOANS, INC., Defendant-Appellee.—GARY D. ALBRIGHT *et al.*, Plaintiffs-Appellants, v. WASHINGTON MUTUAL HOME LOANS, INC., Defendant-Appellee.—HAK SU KIM, Plaintiff-Appellant, v. ALLIANCE FINANCE MORTGAGE, Defendant-Appellee.—NICHOLAS SIENKIEWCZ *et al.*, Indiv. and on Behalf of All Others Similarly Situated, Plaintiffs-Appellants, v. RBC MORTGAGE COMPANY, d/b/a Prism Mortgage Company, Defendant-Appellee.—JANET BLAIR *et al.*, Plaintiffs-Appellants, v. LONG BEACH MORTGAGE COMPANY, Defendant-Appellee.— VYACHESLOAV ZARITSKY *et al.*, Plaintiffs-Appellants, v. ANB AMBRO MORTGAGE GROUP, INC., Defendant-Appellee.—LILLI FETSCH WENZEL, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. CITICORP MORTGAGE, INC., Defendant-Appellee.—AARON SAMPSON, Plaintiff-Appellant, v. CITIMORTGAGE, INC., Defendant-Appellee.— VICTOR MERINO *et al.*, Plaintiffs-Appellants, v. TAMAYO FINANCIAL SERVICES, INC., Defendant-Appellee.—AMY JOHNSON, Plaintiff-Appellant, v. CHICAGO UNITED MORTGAGE, INC., Defendant-Appellee.—EMILY JACKSON, Plaintiff-Appellant, v. HARBOR FINANCIAL GROUP, LTD., Defendant-Appellee.—MARGARET PORTER, Plaintiff-Appellant, v. SMITH-ROTHCHILD FINANCIAL COMPANY, Defendant-Appellee.—GEORGE K. KALANTZIS *et al.*, Plaintiffs-Appellants, v. WORLD SAVINGS, Defendant-Appellee.—JAMES V. MASINO, Plaintiff-Appellant, v. 1ST MORTGAGE OF ILLINOIS, INC., f/k/a First National Mortgage Corporation, Defendant-Appellee.—DOUGLAS R. MESSNER, Plaintiff-Appellant, v. ELGIN FINANCIAL SAVINGS BANK, Defendant-Appellee.—SANDRA BARNEY, Plaintiff-Appellant, v. NEW CENTURY MORTGAGE CORPORATION, Defendant-Appellee.—ARTIS L. SIMPSON *et al.*, Plaintiffs-Appellants, v. COLE TAYLOR BANK, Defendant-Appellee.—VELMA H. OUTLAND, Plaintiff-Appellant, v. MORTGAGE LENDERS NETWORK USA, INC., Defendant-Appellee.—KENNETH SWIATOWSKI, Plaintiff-Appellant, v. RESOURCE PLUS MORTGAGE CORPORATION, Defendant-Appellee.— JESUS M. RUBIO, Plaintiff-Appellant, v. FIRST SUBURBAN MORTGAGE CORPORATION, Defendant-Appellee.—STEVEN SPIRO, Plaintiff-Appellant, v. CHARTER ONE BANK FSB, Defendant-Appellee.—DENNIS BUTT, Plaintiff-Appellant, v. COMCOR MORTGAGE CORPORATION, Defendant-Appellee.—LUIGI RAGO *et al.*, Plaintiffs-Appellants, v. PRESIDENTIAL MORTGAGE COMPANY, Defendant-Appellee.—GREGORY WEIZBORICK *et al.*, Indiv. and on Behalf of All Others Similarly Situated, Plaintiffs-Appellants, v. 1ST ADVANTAGE MORTGAGE, L.L.C., Defendant-

670

Appellee.—ANTHONY P. BLASCO, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. RYLAND MORTGAGE COMPANY, Defendant-Appellee.—JOHN HIMMEL, Indiv. and On Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. CHARTER ONE FINANCIAL, INC., f/k/a St. Paul Federal Bank, Defendant-Appellee.—MARK N. ETTER, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. CITIBANK FSB, Defendant-Appellee.—RICHARD R. TREBILCOCK et al., Indiv. and on Behalf of All Others Similarly Situated, Plaintiffs-Appellants, v. GMAC MORTGAGE CORPORATION, Defendant-Appellee.—ANN L. COYLE, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. PREFERRED MORTGAGE ASSOCIATES, LTD., d/b/a Liberty Home Mortgage, Defendant-Appellee.—DELIA A. CASTILLO, Plaintiff-Appellant, v. UNITED FINANCIAL MORTGAGE CORPORATION, d/b/a United Financial Mortgage, Defendant-Appellee.—JOSEPH BRANHAM, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. FIRST UNION MORTGAGE CORPORATION, Defendant-Appellee.— JACELYNN B. BAILEY, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. COUNTRYWIDE HOME LOANS, INC., Defendant-Appellee.—DON A. SMITH, Plaintiff-Appellant, v. CENTRAL ILLINOIS BANK et al., Defendants-Appellees.—RONALD M. CORTAMILLA et al., Plaintiffs-Appellants, v. OLD KENT MORTGAGE COMPANY, Defendant-Appellee.—IRENE E. TATE et al., Plaintiffs-Appellants, v. CHASE MANHATTAN MORTGAGE CORPORATION, Defendant-Appellee.— JEFFREY D. STAHL et al., Plaintiffs-Appellants, v. AMERICAN HOME MORTGAGE CORPORATION, d/b/a Mortgageselect, Defendant-Appellee.

First District (5th Division) Nos. 1—02—2738, 1—02—2747, 1—02—2749, 1—02—2751, 1—02—2753, 1—02—2754, 1—02—2757 through 1—02—2766, 1—02—2796, 1—02—2799 through 1—02—2805, 1—02—2921, 1—02—2922, 1—02—2967, 1—02—2968, 1—02—2971, 1—02—2980, 1—02—2982, 1—02—2984, 1—02—2986, 1—02—3063, 1—02—3273, 1—02—3274, 1—02—3292 cons.

Opinion filed December 31, 2003.

Edelman, Combs & Latturner, of Chicago (Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, and Danita Ivory, of counsel), for appellants.

Mayer, Brown, Rowe & Maw, of Chicago (Michele Odorizzi, Lucia Nale,

Victoria R. Collado, and Jennifer L. Rakstad, of counsel), for appellee Citimortgage, Inc.

Barack, Ferrazzano, Kirschbaum, Perlman & Nagelberg, L.L.C., of Chicago (Mark S. Bernstein and Peter B. Jurgeleit, of counsel), for appellees Central Illinois Bank and Mortgage Services, Inc.

Stone, Pogrund & Korey, of Chicago (James P. Ziegler, of counsel), for appellees Smith-Rothchild Financial Company and Harbor Financial Group, Ltd.

Office of Comptroller of Currency, of Washington, D.C. (Julie L. Williams, Daniel P. Stipano, and L. Robert Griffin, of counsel), *amicus curiae.*

Tabet, DiVito & Rothstein, L.L.C., of Chicago (Michael I. Rothstein, of counsel), and Robert J. Pratte, of Minneapolis, Minnesota, for *amici curiae* Mortgage Bankers Association of America, Illinois Mortgage Bankers Association, and Community Bankers Association of America.

Office of Thrift Supervision, of Chicago (P. Stacy Powers, Carolyn J. Buck, Thomas J. Segal, and Elizabeth R. Moore, of counsel), *amicus curiae.*

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

In these 37 consolidated appeals, plaintiffs appeal from orders of the circuit court of Cook County dismissing their complaints against the defendant financial institutions, from which plaintiffs had obtained mortgages. The complaints alleged that the defendants engaged in the unauthorized practice of law by filling out notes, mortgages and related documents, and charging plaintiffs a document preparation fee for doing so. These complaints also contained claims for money had and received, seeking restitution for the document preparation fees, and claims that defendants' failure to disclose that their acts constituted the practice of law but were not performed by lawyers violated the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/2 (West 1998)). The complaints also contain class allegations, but there are no class action issues in these appeals.

On March 8, 2002, the presiding judge of the chancery division of the Cook County circuit court ordered that these claims be heard before one judge. The defendants filed motions to dismiss each of the complaints as failing to state a claim for which relief may be granted, pursuant to section 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 2000)). Defendants argued that: (1) the plaintiffs did not have a private right of action to sue for damages for the unauthorized practice of law; (2) defendants had not engaged in the

unauthorized practice of law; (3) plaintiffs' claims are barred by the "voluntary payment" doctrine; (4) the Consumer Fraud Act does not allow claims for the unauthorized practice of law; and (5) plaintiffs cannot allege the elements of a Consumer Fraud Act claim in these cases. In addition, several defendants that are federal savings associations and a national bank moved to dismiss the claims against them pursuant to section 2—619 of the Code, arguing that the claims were preempted by the federal law governing these types of institutions. 735 ILCS 5/2—619 (West 2000).

On August 27, 2002, the trial court entered three orders. The first order granted defendants' section 2—615 motions. The second order granted the federal savings associations' section 2—619 motions. The third order granted the national bank's section 2—619 motion. Plaintiffs timely filed notices of appeal to this court.

This court consolidated the appeals and entered an agreed order providing for the filing of consolidated briefs. This court notes that the manner in which these cases were lumped together was less than ideal. In addition to the preemption claims raised by the federal savings association defendants and the national bank defendant, we note that fewer than all of the plaintiffs made claims for both restitution and violations of the Consumer Fraud Act. Moreover, some of the unauthorized practice of law claims involved third-party document preparation companies, whereas most did not. Of those claims involving alleged third-party document preparation companies, one apparently was involved in the transaction, whereas other complaints contained no such allegation. In one instance, the alleged third-party document preparation company was alleged to be an affiliate of the lender. In two other instances, the alleged third-party document preparation company was not named in the notices of appeal.

In short, these appeals demonstrate the practical problems and potential pitfalls in case management that arise from the filing of a multiplicity of roughly similar putative class actions in the circuit court. The appeals here are ultimately sufficiently similar that this court will not reverse their consolidation. However, we admonish the parties and the bar in general that in the future, this court may not look favorably upon such consolidation, and may not look favorably upon claims that a trial court erred in considering a fine point in one of several dozen cases that the parties have actively encouraged our courts to consider together.

I

■ Initially, this court addresses the standards of review. Plaintiffs appeal dismissals entered pursuant to sections 2—615 and 2—619 of

the Code. A section 2—615 motion admits all well-pleaded facts and attacks the legal sufficiency of the complaint; a section 2—619 motion admits the legal sufficiency of the complaint, but raises defects, defenses or other affirmative matter appearing on the face of the complaint or established by external submissions which defeat the action. *Joseph v. Chicago Transit Authority*, 306 Ill. App. 3d 927, 930, 715 N.E.2d 733, 736 (1999). Generally, dismissals under either section are reviewed *de novo. R-Five, Inc. v. Shadeco, Inc.*, 305 Ill. App. 3d 635, 639, 712 N.E.2d 913, 915 (1999).

■ We note, as did the trial court, that defendants other than the federal savings associations and the national bank raised affirmative matters in their section 2—615 motions to dismiss. Section 2—619.1 of the Code allows a litigant to combine a section 2—615 motion to dismiss and a section 2—619 motion for involuntary dismissal in one pleading. 735 ILCS 5/2—619.1 (West 2000). However, this statute does not authorize hybrid motion practice. *Storm & Associates, Ltd. v. Cuculich*, 298 Ill. App. 3d 1040, 1046, 700 N.E.2d 202, 206 (1998). The failure to specifically designate whether a motion to dismiss is brought pursuant to section 2—615 or section 2—619 is not always fatal, but reversal is required if prejudice results to the nonmovant. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484, 639 N.E.2d 1282, 1289 (1994).

■ Typically, affirmative matter is to be supported by affidavit in a section 2—619 motion. 735 ILCS 5/2—619(a)(9) (West 2000). In practice, however, where affirmative matter has been considered to be apparent on the face of the pleading, a motion to dismiss is peculiarly within the area of confluence between section 2—615 and section 2—619(a)(9). *Nickum*, 159 Ill. 2d at 486, 639 N.E.2d at 1290. In these cases, the affirmative matter raised by the defendants may be determined from the pleadings. Moreover, the parties fully briefed and argued these issues in the trial court and in this court without the plaintiffs objecting that the issues should have been raised under section 2—619. Accordingly, plaintiffs have not suffered and will not suffer unfair prejudice from consideration of the affirmative matter raised by the defendants. Moreover, this court may affirm a correct dismissal for any reason appearing in the record. *Nielsen-Massey Vanillas, Inc. v. City of Waukegan*, 276 Ill. App. 3d 146, 151, 657 N.E.2d 1201, 1205 (1995).

## II

■ ■ This court will now proceed to defendants' argument that plaintiffs' claims are barred by the "voluntary payment" doctrine, as we find it dispositive of all of the consolidated appeals. Under the

voluntary payment doctrine, money voluntarily paid under a claim of right to the payment, and with knowledge of the facts by the person making the payment, cannot be recovered by the payor solely because the claim was illegal. *Kanter & Eisenberg v. Madison Associates*, 116 Ill. 2d 506, 512, 508 N.E.2d 1053, 1055 (1987); *Illinois Glass Co. v. Chicago Telephone Co.*, 234 Ill. 535, 541, 85 N.E. 200, 201 (1908).[1] Absent fraud, misrepresentation, or mistake of fact, money voluntarily paid under a claim of right to the payment, with full knowledge of the facts by the person making the payment, cannot be recovered unless the payment was made under circumstances amounting to compulsion. *Nickum*, 159 Ill. 2d at 497, 639 N.E.2d at 1295; *Commercial National Bank of Peoria v. Bruno*, 75 Ill. 2d 343, 350-51, 389 N.E.2d 163, 167 (1979); *Groves v. Farmers State Bank of Woodlawn*, 368 Ill. 35, 47, 12 N.E.2d 618, 624 (1937) (and authorities cited therein). Thus, to negate the applicability of the voluntary payment doctrine, one must not only show that the claim asserted was unlawful but also that payment was not voluntary, that there was some necessity which amounted to compulsion, though the doctrine of duress of person (and later of goods) has been relaxed and extended so as to include compulsion of business and circumstances. *Illinois Glass Co.*, 234 Ill. at 541, 85 N.E. at 201; *Smith v. Prime Cable of Chicago*, 276 Ill. App. 3d 843, 847-848, 658 N.E.2d 1325, 1329-30 (1995).

Plaintiffs, relying on *Kaiser v. Fleming*, 315 Ill. App. 3d 921, 925, 735 N.E.2d 144, 147 (2000), argue that their *claims* do not require that they show compulsion. However, as shown above, our supreme court has repeatedly held that a party must plead or prove compulsion to defeat the *defense* of the voluntary payment doctrine.

Plaintiffs contend that the voluntary payment doctrine cannot be used to defeat public policy. Plaintiffs cite *Dunbar v. American Telephone & Telegraph Co.*, 238 Ill. 456, 87 N.E. 521 (1909), but the supreme court clearly stated therein that the acts involved worked a fraud on the plaintiffs. *Dunbar*, 238 Ill. at 480, 87 N.E. at 533. Plaintiffs also cite *Evans v. Funk*, 151 Ill. 650, 38 N.E. 230 (1894), which allowed the recovery of payments made to a probate judge who also acted as an attorney in settling a probate case before his court, based on both the judge's power over others and the use of "fraudulent practices and artifices." The *Funk* court held that to do nothing

---

[1]Plaintiffs limit their discussion of the voluntary payment doctrine to plaintiffs' claims for money had and received, but the doctrine seemingly applies to any cause of action that seeks to recover a payment made under a claim of right. *Smith v. Prime Cable of Chicago*, 276 Ill. App. 3d 843, 855 n.7, 658 N.E.2d 1325, 1334 n.7 (1995) (and authorities cited therein).

" 'would contravene the settled law that the courts will protect the citizen against all such acts of oppression and deceit.' " *Funk*, 151 Ill. at 661, 38 N.E. at 234, quoting *Baehr v. Wolf*, 59 Ill. 470, 474 (1871). These cases are consistent with the rules requiring fraud or compulsion to defeat the doctrine. Accepting plaintiffs' argument would abrogate the voluntary payment doctrine recognized by our supreme court, which specifically applies to claims of illegality.

Plaintiffs cite *Ransburg v. Haase*, 224 Ill. App. 3d 681, 688, 586 N.E.2d 1295, 1300 (1992), which recognized a cause of action to recover fees paid to an unlicensed architect, based on the illegality of the contract. However, in *Ransburg*, the defendant did not raise, and this court did not consider, the defense of voluntary payment. Moreover, *Ransburg* relies in part on the plaintiffs' allegation that the defendant held himself out as a licensed architect. *Ransburg*, 224 Ill. App. 3d at 687, 586 N.E.2d at 1299. Plaintiffs here made no allegation that defendants held themselves out as attorneys. Indeed, the exhibits attached to the pleadings would tend to contradict any such allegation, as the document preparation fees and the entities to be paid are itemized separately from attorney fees in the HUD-1 settlement statements.

Plaintiffs cite a number of cases to support the argument that disgorgement of an unlawful fee is an appropriate remedy. *Lozoff v. Shore Heights, Ltd.*, 66 Ill. 2d 398, 403, 362 N.E.2d 1047, 1049 (1977), held that a Wisconsin lawyer who was not licensed in Illinois could not petition the court for fees. Similarly, *Douthart v. Congdon*, 197 Ill. 349, 64 N.E. 348 (1902), held that an unlicensed grain broker could not recover on a contract. *Kaplan v. Tabb Associates, Inc.*, 276 Ill. App. 3d 320, 657 N.E.2d 1065 (1995), involved an unlicensed architect's attempt to enforce an arbitration clause in the parties' agreement. *Greiner v. Dominick's Finer Foods, Inc.*, 273 Ill. App. 3d 1037, 652 N.E.2d 1162 (1995), involved an unlicensed broker's attempt to recover a real estate commission. See also *Rabin v. Prenzler*, 116 Ill. App. 3d 523, 451 N.E.2d 1331 (1983) (same); *White v. Chicago Title & Trust Co.*, 99 Ill. App. 3d 323, 425 N.E.2d 1017 (1981) (same); *Central National Bank in Chicago v. Alexander Marketing, Inc.*, 47 Ill. App. 3d 58, 361 N.E.2d 766 (1977) (same). *T.E.C. & Associates, Inc. v. Alberto-Culver Co.*, 131 Ill. App. 3d 1085, 1088, 476 N.E.2d 1212 (1985), involved an unlicensed employment agency's attempt to recover fees. *Tovar v. Paxton Community Memorial Hospital*, 29 Ill. App. 3d 218, 330 N.E.2d 247 (1975), involved a unlicensed physician's attempt to recover fees. In each of these cases, the fees had not been paid, let alone voluntarily paid; thus, there was no question of disgorging the fees.

Plaintiffs argue that the voluntary payment doctrine does not apply to their cases because they have alleged fraud. However, plaintiffs did *not* allege fraud. Rather, plaintiffs allege that defendants violated the Consumer Fraud Act, a statute that eliminates many of the elements of a claim of common law fraud. *Miller v. William Chevrolet/ GEO, Inc.*, 326 Ill. App. 3d 642, 654, 762 N.E.2d 1, 11 (2001). Indeed, in these cases, plaintiffs' consolidated brief does *not* argue that defendants engaged in deception or fraud, but that defendants engaged in an "unfair practice," *i.e.*, violating public policy by engaging in the unauthorized practice of law. See *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 418, 775 N.E.2d 951, 961 (2002) (analysis of what constitutes an "unfair practice"). This allegation is thus a mere restatement of the illegality of the fee, which does not defeat the voluntary payment defense.[2]

In sum, the trial court did not err in dismissing the complaints at issue in these consolidated appeals.

For all of the aforementioned reasons, the judgments of the circuit court of Cook County are affirmed.

Affirmed.

REID and HARTIGAN, JJ., concur.

---

[2]Plaintiffs' consolidated *reply* brief asserts in passing that "[t]he deception is the charging of an illegal fee." Yet plaintiffs also argue that the law regarding the unauthorized practice of law is not unsettled and "precisely proscribes the conduct complained of by the plaintiffs." Assuming *arguendo* that the law is settled with respect to the facts they have alleged, plaintiffs cannot claim that there was a mistake of fact removing this case from the scope of the voluntary payment doctrine or that there was a misrepresentation of material fact within the scope of the Consumer Fraud Act. See *Prime Cable*, 276 Ill. App. 3d at 847-48, 658 N.E.2d at 1330 (generally, monies paid under a mistake of law are not recoverable).